## W. H. PLAYFORD v. A. A. HUTCHINSON.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF FAYETTE COUNTY.

Argued May 13, 1890—Decided May 26, 1890.

1. In an action by an attorney at law to recover for professional services rendered in the preparation and trial of a cause, evidence of what services were rendered and fees charged by other attorneys employed upon the same side with the plaintiff, is irrelevant and incompetent.

2. An instruction to the effect that where a member of a firm employs an attorney to represent him in a cause in which the firm is interested, but tells him that the firm has no interest therein and that he individually is employing him, the attorney has a right of action against the partner individually, for services rendered, is not error.

3. In such an action, where the attorney has adduced evidence in support of his claim, as stated, it is not error to leave to the jury the question of fact whether he was employed in the manner claimed by him, and to instruct them that if they find he was so employed and rendered the service he is entitled to recover therefor.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 280 January Term 1890, Sup. Ct.; court below, No. 88 June Term 1887, C. P.

On March 31, 1887, Mr. W. H. Playford, an attorney-at-law, brought assumpsit against A. A. Hutchinson, to recover for professional services rendered. Issue.

At the trial on November 27, 1889, the testimony in behalf of the plaintiff was to the effect that the services claimed for were rendered, at the request of the defendant individually, in the preparation and trial of a cause involving a large amount of money, wherein T. B. Hutchinson was plaintiff against one A. H. Sherrick; that though T. B. Hutchinson and the de-

Charge of Court below.

fendant were partners, and both were interested in the cause, yet the plaintiff was employed by the defendant alone, to assist in the trial, and that his charge for his services, $1,000, was a reasonable charge. The defence made was that, in the cause referred to, the plaintiff represented the firm composed of the defendant and his brother, T. B. Hutchinson, and not the defendant individually; that Messrs. Boyle & Mestrezat and Mr. Lindsey were concerned in the cause and conducted the trial in connection with Mr. Playford.

The defendant offered to prove what services were rendered in the cause by Mr. C. E. Boyle of Boyle & Mestrezat, "this, for the purpose of' reducing the claim for compensation by the plaintiff in this case." Objection being made, the offer was refused; exception.[1]

The defendant offered to show, also, what G. T. Rafferty, who had an equal interest with Hutchinson & Bro. in the case, paid Mr. R. H. Lindsey for his services rendered. Objection being made, the offer was refused; exception.[2]

At the close of the testimony, the court, INGHRAM, P. J., charged the jury:

It appears from the evidence in this case that to No. 126 of March Term 1880, Thomas B. Hutchinson brought an action of ejectment, in the Court of Common Pleas of this county, against A. H. Sherrick; and the plaintiff in this case, W. H. Playford, claims that although that suit is in the name of Thomas B. Hutchinson against A. H. Sherrick, other parties than Thomas B. Hutchinson were interested in the case. He claims that A. A. Hutchinson came to him just prior to the bringing of that suit and employed him as attorney to look after his, A. A. Hutchinson's, interest in that case. The plaintiff claims that the testimony shows that Mr. Tinstman, that Mr. Rafferty, and that A. A. Hutchinson were all interested in that suit, although it was brought in the name of Thomas B. Hutchinson against A. H. Sherrick, and the plaintiff claims that A. A. Hutchinson came to him just prior to the bringing of that suit and asked him to take charge of his, A. A. Hutchinson's, interest in the case, and that he agreed to do so.

—After reviewing the testimony at length, the court proceeded:

### Charge of Court below.

[You are to determine, first, whether the plaintiff was employed by A. A. Hutchinson in the case of Thomas B. Hutchinson against A. H. Sherrick as claimed by the plaintiff. If he was so employed and rendered services, then he would be entitled to a verdict at your hands for such sum as he has shown you by the evidence the services he rendered were reasonably worth, and that sum he claims to have shown, is $1,000.] And in whatever sum you may find for the plaintiff, if you find for the plaintiff at all, he would be entitled to interest from the time the services were rendered, which he claims was on October 6, 1881, down to the present time.

If, however, first, you should find under the evidence that the plaintiff here was employed by A. A. Hutchinson & Bro., and not by A. A. Hutchinson, individually, then the plaintiff would not be entitled to recover a verdict for any sum in this action, and your verdict should be for the defendant. But if you should find that the plaintiff was employed by A. A. Hutchinson, as he claims, and then find that his services were not worth the $1,000 claimed, then it will be your duty, under the evidence in the case, to ascertain what amount, under the evidence, his services were worth, and for that amount he is entitled to a verdict at your hands, with interest upon it from October 6, 1881, down to the present time. So that your duty will be, first, to determine whether the plaintiff was employed by the defendant, Hutchinson, and if so, what were his services worth. If you should find that he was not, then your verdict should be for the defendant. Or, if he was so employed and his services were not worth the amount he claims, what were they worth? and upon that sum he is entitled to interest from October 6th, down to the present time.

On the part of the defendant we are requested to instruct you:

1. If the jury find from the evidence in this case that A. A. Hutchinson, the defendant, was a member of the firm of A. A. Hutchinson & Bro., and the plaintiff knew that fact at the date of his employment, and that the only interest defendant had in the case of T. B. Hutchinson v. A. H. Sherrick, was as a member of the firm of A. A. Hutchinson & Bro., then the plaintiff cannot hold A. A. Hutchinson individually liable in this action for services rendered in the case of T. B. Hutchin-

Arguments.

son v. A. H. Sherrick, and the verdict should be for the defendant.

Answer: That point, gentlemen of the jury, is correct and is affirmed with this qualification, as we have already instructed you: If at the time A. A. Hutchinson employed the plaintiff in this action, W. H. Playford, in the suit of T. B. Hutchinson against Sherrick,—if at that time A. A. Hutchinson employed Mr. Playford for the firm of A. A. Hutchinson & Bro., and Mr. Playford was informed that he was employed by that firm, then he would not have a right now to recover against A. A. Hutchinson individually; but if he was not so informed, but was employed by A. A. Hutchinson as an individual, told by A. A. Hutchinson that the firm had nothing to do with the case of Hutchinson against Sherrick, but that he was employing him as an individual, then he would have a right to recover against A. A. Hutchinson for such services as he actually rendered him. With that qualification the point is correct and is affirmed.[3]

2. The record in the case of T. B. Hutchinson v. A. H. Sherrick having disclosed the fact that Messrs. Boyle & Mestrezat acted for the plaintiff in that case, as well as the present plaintiff, the jury have a right to take into consideration the services rendered by Messrs. Boyle & Mestrezat in said cause, in determining the amount of compensation due to the plaintiff in this case.

Answer: The second point presented on the part of the defendant we are unable to affirm, under the evidence in this case, and the point is refused.[4]

—The jury returned a verdict for the plaintiff for $1,483.33. A rule for a new trial having been discharged, the defendant took this appeal, assigning for error:

1, 2. The rejection of the defendant's offers.[1] [2]

3, 4. The answers to the defendant's points.[3] [4]

5. The portion of the charge embraced in [ ] [5]

*Mr. Isaac S. Van Voorhis* (with him *Mr. A. B. Shearer* and *Mr. E. H. Reppert*), for the appellant.

Counsel cited, as to the answers to defendant's points: Duff v. Williams, 85 Pa. 494; Swank v. Phillips, 113 Pa. 482; Schwenk v. Kehler, 122 Pa. 68; Citizens Pass. Ry. Co. v.

Ketcham, 122 Pa. 238.   As to the rejection of the offers of evidence: Thompson v. Boyle, 85 Pa. 477.

*Mr. A. D. Boyd*, for the appellee.

Counsel cited, as to the answers to the points: Leech v. Leech, 21 Pa. 72.

PER CURIAM:

· Plaintiff claimed that he was retained by defendant, A. A. Hutchinson, in the case of Thomas B. Hutchinson v. A. H. Sherrick, and in pursuance thereof rendered the professional services for which this suit was brought.

Evidence tending to sustain his claim was submitted to the jury, with proper instructions, and they found in his favor. The questions raised by the evidence were whether plaintiff was employed by defendant, and if so, what services did he render, and what were they reasonably worth?   These were questions of fact, exclusively for the jury, and they are conclusively settled by the verdict.

The offers referred to in the first and second specifications were rightly rejected, because the proposed evidence was neither relevant nor competent.   If it had been received, its tendency would have been to raise collateral issues of fact, rather than assist the jury in determining those that were properly before them.

There was no error in the answers to the defendant's first and second points, nor in that portion of the charge recited in the fifth specification.

There appears to be nothing in the record that requires a reversal of the judgment.   Neither of the specifications of error is sustained.

                                        Judgment affirmed.