# Heblich v. Slater, Appellant.

*Attorneys at law—Compensation—Evidence.*

In an action by an attorney at law to recover for services rendered, evidence is inadmissible of an amount paid to another attorney who rendered service in the same case. Not only may the nature of the services differ, but the professional ability and standing of the two attorneys may not be the same. What may be a reasonable fee for one, may be wholly inadequate for another.

In a suit by an attorney at law to recover compensation for pro-

fessional services, the magnitude of the interests involved, and the responsibility assumed, are properly to be taken into consideration in fixing compensation. Evidence to show the nature and importance of the controversy in which the services were rendered, what results depended upon it in other matters, and how other matters affected it, and increased its gravity, is proper upon the question of the value of the services.

Argued Feb. 18, 1907.   Appeal, No. 359, Jan. T., 1906, by defendant, from judgment of C. P. Schuylkill Co., March T., 1905, No. 212, on verdict for plaintiff in case of Rosa Heblich, Executrix of N. Heblich, deceased, v. Harry P. Slater. Before MITCHELL, C. J., FELL, BROWN, POTTER and STEWART, JJ. Reversed.

Assumpsit to recover for professional services as an attorney-at-law.   Before SHAY, P. J.

At the trial the court admitted under objection and exception, testimony to the effect that John F. Whalen, Esq., an attorney at law, charged and received a fee of $4,000 in the will contest in which plaintiff's decedent was engaged as an attorney. [1]

When A. W. Schalck, a witness for plaintiff, was called he was asked this question:

" Q. You know the labor performed by Mr. Heblich in the hearings before the register, the hearings in the orphans' court, and also know the fact that Mr. Whalen was employed to take Mr. Ryon's place after the case had gotten through the orphans' court and into the common pleas, and the fact that Mr. Whalen had charge of the paper-book and argued the case in the Supreme Court after Mr. Heblich's death. Having knowledge of those facts, and knowing that Mr. Whalen charged and received as his compensation $4,000 for the value of his services that he rendered, what would you say the value of the services rendered by Mr. Heblich were ? "

Mr. Roads : Objected to as not a proper way of establishing the value of the services of the plaintiff in this case by Mr. Heblich.

The Court : Overrule the objection.

Defendant excepts.   Bill sealed. [2]

" A. At least $4,000.   That is to say, that Mr. Heblich

rendered services continuously for five years, and his services were not limited to the trial of the case in court, but during that time we had various motions, rules, arguments of various kinds, while we were pending in the orphans' court and while we were pending in the common pleas, which had to be argued and disposed of, and the papers are on the record. Considering not only the days actually spent in the trial of the case, but the amount of labor that was required in the preparation of those papers and of the arguments and all briefs, there was quite a number of them during those five years outside of what the record shows of actual trial and hearings in court. Q. You place a great deal of emphasis on the words, at least. State whether or not you do not consider that would be a small compensation for Mr. Heblich ? A. Moderate."

Defendant presented these points :

2. Evidence of what services were rendered and fees charged by other attorneys employed upon the same side with the plaintiff is irrelevant and incompetent, therefore the jury should disregard all testimony in the case relative to the services rendered or charges made by other counsel in the litigation known as the Slater Will case. *Answer :* We instruct you, as we have instructed you in our general charge, that we did not admit the testimony of Mr. Whalen's compensation as a criterion to base the charges upon or as evidence of what Mr. Heblich's services were worth. We only admitted it as some evidence to be taken by the jury, along with all the other evidence in the case, in arriving at a conclusion of what Mr. Heblich's services were worth. [4]

3. The testimony as to the compensation charged by John F. Whalen, Esq., one of the defendant's counsel in the litigation known as the Slater Will case, is incompetent and immaterial for the purpose of fixing the value of the services of N. Heblich, Esq., the decedent, and the jury should not consider it. *Answer :* We refer to our answer to the second point for an answer to this. [5]

4. Under the evidence in this case Anna S. Slater, the mother of the defendant, Harry P. Slater, and testatrix in the wills in controversy framed by direction of the orphans' court, did not die seized of the real estate known as the Centennial Hall and

the homestead known as the Slater home, she having conveyed the said real estate to her son, the defendant in this case, by deeds executed, delivered and duly recorded, bearing dates respectively May 9 and July 9, 1894, and, therefore, the title to the said Centennial Hall and homestead was not directly or indirectly involved in the contest concerning said wills. *Answer :* We say to you in answer to this point, under the evidence in this case Anna S. Slater, the mother of the defendant, Harry P. Slater, and testatrix in the wills in controversy framed by direction of the orphans' court, did not die seized of the real estate known as the Centennial Hall and the homestead known as the Slater home, she having conveyed the said real estate to her son, the defendant in this case, by deeds executed, delivered and duly recorded, bearing dates respectively May 9 and July 9, 1894, and, therefore, the title to the said Centennial Hall and homestead was not directly involved in the contest concerning said wills, but, as we have explained to you in our general charge, that property was indirectly concerned in this contest. [6]

Verdict and judgment for plaintiff for $3,013.43. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions ; (4–6) above instructions, quoting them.

*J. W. Moyer* and *Geo. M. Roads*, for appellant.—A lawyer may bring suit for his fees, but his cause is to be tried like the causes of other men : Thompson v. Boyle, 85 Pa. 477 ; Seybert v. Salem Twp., 22 Pa. Superior Ct. 459 ; Balsbaugh v. Frazer, 19 Pa. 95.

This case is ruled by Playford v. Hutchinson, 135 Pa. 426.

*H. O. Bechtel*, with him *W. L. Kramer*, for appellee, cited : Thompson v. Boyle, 85 Pa. 477.

OPINION BY MR. JUSTICE POTTER, April 1, 1907 :

This was an action of assumpsit brought by Rosa Heblich, executrix of N. Heblich, deceased, against Harry P. Slater, to recover for professional services rendered in his lifetime by Mr. Heblich, who was a member of the Schuylkill county bar, to the defendant. There was no dispute as to the employment

of Heblich by defendant or the services rendered. The single question tried was the value of the services. Five of the assignments of error raise the question, whether in a suit by an attorney at law to recover for services rendered, evidence is admissible of the amount paid to another attorney, who rendered service in the same case.

The cause in which the services were rendered, for which recovery was sought, was the contest of the will of Mrs. Anna Slater, mother of the defendant, dated May 22, 1894, by which she had devised and bequeathed her entire estate to defendant. Certain beneficiaries under a prior will, dated March 23, 1894, filed a caveat to the will on the ground of want of testamentary capacity by the testatrix, and undue influence. The contest was carried into the orphans' court where an issue devestavit vel non was awarded. That issue was tried in the common pleas court, resulting in a verdict for the will, and judgment thereon was affirmed by this court: Slater v. Slater, 209 Pa. 194. Mr. Heblich took part in the litigation from the outset until his death, which occurred after the trial, and before the appeal was argued in the Supreme Court. In the early stages of the litigation John W. Ryon was associated with him as counsel for defendant. Mr. Ryon died before the issue in the common pleas came to trial, and John F. Whalen was then associated with Heblich in Ryon's place. Mr. Whalen remained counsel up to to the time of Heblich's death, and afterwards until the final decision by the Supreme Court. He testified that he charged and received from defendant $4,000 as fees for his services. Other witnesses were permitted to take this fact into consideration in fixing the value of Heblich's services, and the jury were instructed that they might consider it in arriving at their verdict. We think this evidence should have been excluded. The value of Mr. Heblich's services was in issue, and not that of the witness. It was apparent that they were not each performing the same class of service. One was largely engaged in preparing the case for trial, in searching for evidence, and in producing it, and the authorities for use during the trial. The other seems to have confined his efforts principally to discharging the duties of what is ordinarily known as a trial lawyer. The services of one seem to have been confined to preparation for and attendance upon the

hearings in the lower courts, while the other was responsible
for the preparation and conduct of the case also in the appel-
late court. Not only did the nature of the services rendered
seem to differ, but the professional ability and standing of the
two men were not shown to be the same. What would be a
reasonable fee for one might be wholly inadequate for the
other.

In Playford v. Hutchinson, 135 Pa. 426, this court held that
in an action by an attorney at law to recover for professional
services, rendered in the preparation and trial of a cause, evi-
dence of what services were rendered, and fees charged by
other attorneys employed upon the same side with plaintiff,
is irrelevant and incompetent. In that case the testimony was
offered to show that the claim was for more than the services
were reasonably worth. But if such testimony is inadmissible
as against the attorney, it must also be excluded when it is in his
favor. The true ground upon which its exclusion is based is that
it would raise collateral issues. In Calvert v. Coxe, 1 Gill (Md.),
95, this question arose, and the court held, "that what was
paid to or demanded by one attorney was not evidence in the
cause. We cannot judicially know the standing of any one
member of the bar, or the circumstances under which he was
paid, or demanded, a given sum for his services. What is the
usual and customary compensation for services of a like kind
is admissible testimony, but what was paid to any particular
individual, standing per se, is in our opinion inadmissible."
Under the authorities, the professional standing of an attorney
seems to be a proper element to be taken into account, as af-
fecting the value of his services. If this be so, how could the
amount paid to one attorney be evidence of the value of the
services of another? In certain routine matters, one competent
lawyer may serve as well as another. But in other phases of
litigation requiring the exercise of keen judgment and delicate
perception, there may be no comparison between the relative
abilities of two men. It has been held that in an action by an
attorney to recover for professional services, it is incompetent
to prove the value of his services in another suit: Hart v.
Vidal, 6 Cal. 56. To determine the value of the testimony as
to the compensation paid to Mr. Whalen would require a com-
parison of the nature of the service he rendered, with that be-

stowed by Mr. Heblich, and their relative professional standing and ability ; and also an inquiry into the reasonableness of the charge made by Mr. Whalen.    This would raise collateral matters, and involve issues not concerned in this case.

The first, second, third, fourth and fifth assignments of error are sustained.

Another question is raised by the sixth and seventh assignments.    Subsequently to making her will, which was the subject of the litigation, defendant's mother conveyed to him by deeds dated May 9, and July 9, 1894, certain valuable real estate for a consideration of one dollar and natural love and affection.    This fact appeared in evidence, and the court instructed the jury that the property thus conveyed was indirectly concerned in the will contest, which settled all dispute as to its title.    In his general charge, the trial judge said : " Had the other side won, in all human probability, as testified to by counsel, who represented that side, they would have brought another suit to set aside those deeds that have been offered in evidence, so that indirectly, as a matter of law, the real estate was indirectly involved in this transaction.    As you have heard from the testimony in the case, the value of that real estate was anywhere from fifty to seventy thousand dollars."    The question raised by these assignments was whether the court erred in instructing the jury that the title to the property so conveyed was indirectly settled by the trial of the issue d. v. n. and in allowing them to take that fact into consideration in fixing the amount of their verdict.

As a general principle, the magnitude of the interests involved and the responsibility assumed are properly to be taken into consideration in fixing compensation.    "Evidence to show the nature and importance of the controversy in which the services were rendered, what results depended upon it in other matters, and how other matters affected it and increased its gravity, is proper upon the question of the value of the services : " Weeks on Attorneys at Law (2d ed. 1892), 681.

And yet, in the present case the attack which the counsel for defendants in the will case were called upon to meet does not seem to have been very formidable.    It can hardly be said to have been at any time a doubtful case.    As this court said

before : " The burden of appellant's contest against the will was that it was procured by undue influence, and a number of matters were presented in evidence which might have tended to corroborate the inference had there been any basis of fact to corroborate. But there was not a scintilla of evidence that tended directly and explicitly to establish the fundamental fact : " Slater v. Slater, 209 Pa. 194.

It is possible that the decision of the issue on the will, in favor of defendant, prevented additional litigation, and that aspect might perhaps be presented to the jury as something to be considered in fixing the value of the service. But if this was done, the jury should at the same time have been cautioned against attaching much weight to this feature because, as the result showed, there never was any material fact upon which to base the attack made upon the will. Defending a practically impregnable position is not so difficult as the leading of a forlorn hope. The burden in the litigation concerned was decidedly upon the other side, who sought to invalidate the will. The attack had so little apparent justification that the suggestion that the title to valuable real estate was indirectly involved in this case, was of doubtful propriety.

We do not feel, however, that the qualification of defendant's fourth point for charge, or the answer to plaintiff's fifth point, presents sufficient cause for reversal. But by reason of the errors set forth in the first, second, third, fourth and fifth specifications, the judgment is reversed with a venire facias de novo.