## In re Bank of Auburn

*P. H. Reigner*, exceptant, p. p.
*Cletus Kilker*, for defendant.

PALMER, J., June 20, 1938.—Plaintiff in this case, P. Herbert Reigner, Esq., of Reading, Pa., a member of the bar of the Supreme Court and of the Berks County bar for 19 years, seeks to recover the sum of $2,500 for professional services rendered to defendant in the preparation of a brief in support of a motion for a new trial and for judgment non obstante veredicto in the case of Gordon, etc., Receiver of the Bank of Auburn, v. Hamburg Savings & Trust Co., C. P. of Berks County, September term, 1934, no. 58; and for an oral argument made before the said court upon the brief, and for services in satisfying the record. The case comes before us on a rule to show cause following exceptions filed by plaintiff to the fourth and partial account of the receiver.

"The circumstances to be considered in determining the compensation to be recovered [by an attorney] are the amount and character of the services rendered; the labor, time, and trouble involved; the nature and importance of the litigation or business in which the services were rendered; the responsibility imposed; the

amount of money or the value of the property affected by the controversy, or involved in the employment; the skill and experience called for in the performance of the services; the professional character and standing of the attorney; the results secured; and whether or not the fee is absolute or contingent, it being a recognized rule that an attorney may properly charge a much larger fee when it is to be contingent than when it is not. . . . But what is a reasonable fee must in a large measure depend upon the facts of each particular case, and be determined like any other fact in issue in a judicial proceeding": 6 C. J. sec. 331, pp. 750, 751, 752. In Hanley v. Waxman, 80 Pa. Superior Ct. 274, the appellate court found no error in the instructions of the lower court in using substantially the language quoted. See also Kentucky Bank v. Combs, 7 Pa. 543; Heblich v. Slater, 217 Pa. 404; Lewis v. The Germania Savings Bank, 96 Pa. 86; and Daly v. Maitland, 88 Pa. 384.

The testimony offered by plaintiff shows that the Bank of Auburn was in receivership in charge of the Secretary of Banking, and he held a certificate of deposit for the sum of $20,000 given by the Hamburg Savings and Trust Co. of Hamburg, Berks County, Pa., and was endeavoring to obtain the amount named. The Hamburg bank refused to pay and suit was brought to recover the sum. Mr. Reigner and Mr. George M. Paxson represented plaintiff. Mr. Reigner "brought the suit, filed a statement of claim which had been prepared and studied by him. Defendant filed a lengthy affidavit of defense with a long list of new matter", answered by a lengthy reply filed by plaintiff.

The defense to the suit was that the deputy of the Secretary of Banking had falsely and fraudulently secured the signature on this certificate of deposit by making misrepresentations.

The trial, in November 1934, occupied three days. Mr. Paxson, late of our bar, and Mr. Harold Saylor, a Deputy Attorney General, sat with the claimant. Mr. Paxson

made the opening address to the jury, and Mr. Saylor did nothing. A verdict was rendered in favor of defendant, whereupon claimant filed motions for judgment non obstante veredicto and for a new trial; for all of which he was paid the sum of $1,000, the amount of claimant's bill for services to December 13, 1934. As we stated before, the character of the services for which he now claims the sum of $2,500, is: Preparation of a brief of argument in support of the motion for judgment non obstante veredicto (himself) and arguing it before the court in banc. The argument was founded upon the proposition that the bank had not relied upon the representations allegedly made by the Deputy Secretary of Banking, which argument was successful, and judgment non obstante veredicto consequently rendered in favor of plaintiff by the court in the sum of $24,800 ($4,800 being interest) subsequently reduced to $22,400.

An appeal was taken by defendant but not prosecuted. In the preparation of his argument, he worked 80 hours, at least, researching and studying.

To some extent claimant retraced the same ground in preparing his motion for judgment non obstante veredicto as he had covered in preparation for the trial. The brief for judgment non obstante veredicto was 14 pages long, citing 18 cases, some of which he had examined and studied prior to trial. In collecting the 18 cases, he had found, analyzed, and studied many more cases (how many is not stated).

He reviewed 146 pages of testimony and 20 pages of the charge of the court.

The fact that he had finally won the case was taken into consideration when he rendered his bill for $2,500. He was present when the check in settlement was delivered.

Three members of the Berks County bar testified that plaintiff's standing at the bar is high, as are his legal attainments.

After taking into consideration all the relevant factors as hereinbefore enunciated, one testified the services were worth between $2,000 and $2,500; one testified they were worth $2,750; and one testified they were worth between $2,250 and $2,750. One was of the opinion that if the amount of the certificate of deposit had been $1,000 instead of $20,000, the services would have been worth $1,000 (the entire amount), and another testified that if the amount involved had been $1,000, the services would have been worth $1,500 ($500 more than the amount recoverable). It seems to me that the controlling consideration moving the experts in fixing the value of the services was the amount involved in the litigation.

Plaintiff cites Crawford's Estate, 307 Pa. 102, in support of his contention that we are bound by the testimony of his experts, since there is no testimony contradicting it. That case is authority for the proposition that a court in fixing an attorney's commission cannot arbitrarily and without reason ignore such evidence, especially where the cestui que trust agreed to pay the sum named by the experts, and the court gave no explanation for making the reduction, but it does not hold that we are bound by the testimony of witnesses as to the value of services.

In Scott v. Bergdoll, 270 Pa. 324, ten lawyers of the Philadelphia bar testified that the professional services rendered defendant by plaintiff were worth $10,000, which only defendant disputed.

Upon appeal to the Supreme Court, defendant complained that the verdict was excessive.

The verdict was for the amount testified to by the lawyers, plus interest, and the Supreme Court said, in speaking of this phase of the appeal, considered in the light of labor and time devoted to defendant's litigation by plaintiff, "there does seem to be considerable merit in this contention". They permitted the verdict to stand, however, on the ground that it was not so excessive as to shock the judicial conscience. The case is authority for

the proposition that the opinion of lawyers as to the value of services is not binding on the court. "Fees should be on a moderate scale of compensation, and none should be allowed but such as are fair and just": Crawford's Estate, supra, p. 111.

For all the labor and time spent by plaintiff in this case (itemized and set forth in plaintiff's exhibit A) contents of which we have briefly stated, up to the preparation of his final argument in support of his last alternative motions, he charged the sum of $1,000. He did not testify that this amount was an undercharge; and after our best consideration of all the facts developed in the testimony and applying the relevant principles of law governing such cases thereto, we make the following order.

And now, June 20, 1938, the exception of plaintiff is sustained, and the receiver is directed to pay plaintiff the sum of $750 for services rendered.