## SHITZ v. DIEFFENBACH.

There can be no such thing in Pennsylvania as an equitable mortgage by a deposit of a title-deed, as a security.

ERROR to the Common Pleas of Berks county.

John Shitz against John Dieffenbach. Ejectment for a house and lot in Stouchsburg, Berks county, the title of which was in Samuel Bright, by a deed dated April 4th, 1832, from Henry Gable and wife to him. The deed was not recorded. Some time in 1832, Bright had a note discounted in the Lebanon Bank, with Shitz as his endorser; and as a security for his liability as endorser, Bright handed him the deed. The note not being paid, was protested, and due notice given to Shitz, the endorser, who afterwards paid the same and took it up. Bright continued in possession of the premises, until the 20th of April, 1833, when he made an assignment for the benefit of his creditors. The assignees sold the house and lot to John Forry, on the 8th of March, 1834, and gave him a deed. The defendant proved a regular chain of title from Forry to himself. The assignment and all subsequent deeds were duly recorded.

The plaintiff claimed a verdict to be released, upon the payment of the money and interest, which he paid for Bright to the Lebanon Bank.

The court below (BANKS, President) instructed the jury, that the plaintiff was not entitled to recover, and directed a verdict for the defendant.

*Hoffman*, for plaintiff in error.—The deposit of the title-deed constituted an equitable mortgage. In Reikert v. Madeira, 1 Rawle, 325, it was taken for granted that such a mortgage was good. If the defendant had called for the title-papers before he purchased, as he was bound to do, he would have found that the title was pledged as a security for the debt we claim to recover; he therefore holds subject to our equitable mortgage. Whatever puts a party upon inquiry is notice. 2 Watts, 465; 2 Penna. Rep. 439.

*Smith*, for defendant in error.—In England, Russell *v*. Russell, 1 Brown C. C. 269, in 1783, appears tó be considered the leading case upon the subject of equitable mortgage by a deposit of title-deeds, although we have the same doctrine at a much earlier date. Fitzjames *v*. Fitzjames, Finch, 10, in 1763, and Head *v*. Egerton, 3 Peere Williams, 279, in 1734, such a mortgage is held valid, but the decision in Russell *v*. Russell has often been regretted. Ex parte Combe, 17 Vesey, 371 ; Ex parte Hooper, 1 Meriv. 9 ; Ex parte Haigh, 11 Vesey, 403, and 9 Vesey, 118, note 1, Summer's edition. It is yet a question in that country, whether all the title-papers ought not to be delivered. Ex parte Wetherell, 11 Vesey, 401. It would rather seem they must. Powell on Mortgages, 1054 ; Ex parte Pearse, 1 Buck. B. C. 625. Such a lien has never prevailed in Pennsylvania ; and what was said by Justice Rogers in Reikert *v*. Madeira, has reference to the law as understood in England ; the point did not arise ; the whole current of decisions in Pennsylvania, and the policy of the legislature has been averse to this kind of lien ; and our recording acts, by their very terms put them aside. And Freedly *v*. Hamilton, 17 Serg. & Rawle, 70 ; Adams' appeal, 1 Penna. Rep. 447, and Powers *v*. Oyster, 3 Penna. Rep. 239, settles the question.

*June* 25. SERGEANT, J.—This case turns upon the question, whether an equitable mortgage by delivery of the title-deed is good in Pennsylvania. Being no more than a parol mortgage, (for it is only by parol the meaning and object of such delivery is ascertained,) it cannot now be made a question, after the express decision of the point by this court in Bowers v. Oyster, 3 Penna. Rep. 239, that there can be no such thing as a valid efficacious parol mortgage, for reasons which are fully stated in the opinion of the court. These it would be superfluous to repeat. Whether considered as a conveyance of land, as it may ultimately prove to be, or as a lien on lands, which is its ordinary state ; a parol mortgage is contrary to the spirit of our legislation in the statute of frauds, and acts for the recording of mortgages, and for entering up liens for public information, and to the uniform current of decisions on these subjects in Pennsylvania.

Judgment affirmed.