## Lewis *versus* The Germania Savings Bank.

1. Certain real estate of a mortgagor was sold in Butler county, and in the distribution of the proceeds the mortgagee, a bank, was a distributee, but was not authorized to take out its distributive share of the fund except upon assigning to the prothonotary of said county in trust, a corresponding amount of the mortgage : *Held,* that the mortgagee was not bound to do this for the benefit of a terre-tenant who purchased the mortgaged premises subject to the mortgage, and until the mortgagee received the amount of the award it had the undoubted right to proceed upon the mortgage to collect the debt secured thereby.

2. The terre-tenant alleged that he called at the bank and offered to pay the interest falling due and also the principal debt, but was informed by the proper officers of the bank that " they did not need the money and to let it stand until the Butler county matter was disposed of," and that shortly afterwards without making any demand for payment of principal or interest, suit was brought on the mortgage. It was contended that under the circum-

[Lewis *v.* Germania Savings Bank.]

stances and the agreement to give further time the bank was not entitled to recover attorney's commissions: *Held*, that this would be so, if the defendant, even after suit was brought, had been reasonably prompt in paying or tendering payment of the debt and interest.

3. While stipulations for the payment of attorneys' commissions in mortgages and other securities are valid, they are, nevertheless, subject to the equitable control of the court and will be enforced only to the extent of compensating the plaintiff for reasonable and necessary expenses of collection, and where a debtor has been misled by his creditor or thrown off his guard, it is not an unreasonable exercise of the equitable power of the court to refuse any allowance for attorneys' commissions : but to justify such action the defendant should attest his sincerity and good faith by promptly paying or tendering the amount of debt and interest, exclusive of commissions.

4. In general this court will not review the exercise of a sound discretion by an inferior court upon such a question and the presumption will always be in favor of its discretion unless it is plainly excessive.

November 1st 1880.    Before SHARSWOOD, C. J., MERCUR, PAXSON and STERRETT, JJ.    GORDON, TRUNKEY and GREEN, JJ., absent.

Error to the Court of Common Pleas No. 1, of *Allegheny county :* Of October and November Term 1880, No. 262.

Scire facias sur mortgage issued by the Germania Savings Bank of Pittsburgh against W. A. Lewis, impleaded with James I. and William Robinson. Lewis filed an affidavit of defence which set forth that he has a just and legal defence to the whole of plaintiff's claim, except as to the part of the principal debt unpaid, which, with interest amounts to the sum of $2468.23, which defence consists of the following facts : Jas. I. Robinson was and is the principal debtor to the plaintiff for the moneys now demanded in this suit, and the mortgage sued on originally required the payment of $8000 and interest to pay and satisfy the same, which whole amount was the debt of said James I. Robinson, and so known to the plaintiff when the debt was contracted. This mortgage originally covered the lands of James I. Robinson in Butler county, which were released as hereinafter stated and the lands of William Robinson, the other defendant (who was security for this and other debts of James I. in Allegheny county) of the probable value of $12,000 or $13,000 substituted to enable James I. to borrow the money, and this fact was well known to plaintiff; that afterwards the plaintiff was paid by James I. Robinson $3500 of the principal debt, and the plaintiff released his lands in Butler county from said mortgage ; and about the same time James I. Robinson gave William Robinson a judgment bond in the penal sum of $18,000 in trust to pay his numerous creditors for whose claim William was security in some form, and among others the said plaintiff, for a part of the balance of said mortgage then remaining unpaid, to wit, $3500 ; that afterwards, on the 12th of April 1879, the said lands of William Robinson, in Allegheny county, included in said mortgage as aforesaid for the benefit of James were sold by the sheriff upon pro-

[Lewis *v.* Germania Savings Bank.]

per writs and were purchased by affiant for $5000, subject to the plaintiff's mortgage; that in the distribution of the said $5000 purchase-money, the judgments owned by the affiant at the time, and sought thereout to be paid, were not reached to an amount above $6000, as the records show; that afterwards, at September Term 1879, the property of James *I. Robinson, in said Butler county, was sold, sur judgment entered upon the bond given to William in trust, as aforesaid, and a fund of about $6000 raised to apply to the claims of the cestui que trustent therein named, which fund, upon due proceedings, was distributed by the auditor, and the sum of $2279.77 awarded to plaintiff in payment *pro tanto* of said mortgage debt, which distribution of said sum to plaintiff was demanded by plaintiff through its proper officer, who appeared before the auditor and made due proof of the right of the plaintiff to participate in said fund, and to receive thereout the proper proportion due from said fund, if any, on account of the said mortgage debt; that afterward said auditor filed his report in the Court of Common Pleas of Butler county, distributing, inter alia, the sum of $2279.77 to the said plaintiff, *pro tanto*, of said mortgage debt, but suspending the payment thereof until the plaintiff had exhausted the security (to wit, the William Robinson mortgage), or shown the same to be worthless; to which report, before filing, the said plaintiff, by its proper officer and corporate seal duly attached, and upon the advice, after consultation of J. L. Koethen, Esq., made exceptions in writing, now or late on file in said court, and which being overruled by the auditor, were duly renewed in court; and afterwards to wit., on the 15th of July, 1880, the court (Bredin, J., presiding) overruled the exceptions and confirmed the auditor's report, whose decision is here attached by copy; that after receiving notice by copy, on or about July 17th, that such decision and decree had been made, affiant called upon J. L. Koethen, Esq., the attorney of plaintiff, and under whose instructions all previous actions by the bank in this matter had been taken, and told him that an appeal to the Supreme Court should be taken; that the authority cited for the decision did not apply, and that the bank for its protection should take the appeal, which being arranged after full discussion with the secretary and treasurer and the bank's attorney, the affiant agreed, verbally, at the time, to bear all expenses and outlays, and because of change of attorneys, this was not by plaintiff carried out; that Chas. M. Seibert, the secretary and treasurer of said bank, and the officer who seemed and talked as though he managed the affairs of the bank, agreed to go himself to Butler county, or have the vice president go; that on July 30th, having previously discovered that the bank itself would not bring or take an appeal and certiorari, or give authority to this affiant, or any one else, to bring or take the same, affiant served notice upon the plaintiff, which notice embodies the agreement and arrangement made with Mr. Seibert, Mr. Koethen

[Lewis v. Germania Savings Bank.]

and myself, previous thereto, say two or three days before; that this appeal has not been taken by plaintiff, and neither affiant nor any one else authorized to take the same so far as affiant knows; and affiant further says that the judgment entered in this case should not be for attorney's commissions, $225, or for costs, and for a defence thereto he says: that previously to June 4th last past, affiant called upon plaintiff and offered to pay the interest falling due on said June 4th, and the principal debt, the interest being from December 4th 1879, at 8 per cent. on $4500; that affiant then and there offered to pay the said principal, debt and interest, and was ready, able and willing to pay the same, but the proper officer of said plaintiff said that they did not need said moneys, and to let it stand until the Butler county matter was disposed of; that they had plenty of money, &c.; that no request nor demand was made by said plaintiff before bringing this suit, for the payment of either interest or principal, and the matter was not talked of prior to this suit, but if demand had at any time been made for such payment this affiant was ready, able and willing to make such payments; wherefore, affiant says, that neither he nor his property is in any default of payment, and until the same was demanded, and default made thereafter, no penalty attaches to him or his property; the said attorneys' commissions being a penalty put upon the mortgagor by his own act, for a compensation in case of default by the terms of the mortgage, but in this case the bank waived default, and this at its own request, suggestion and arrangement, and because said plaintiff was inquired of whether affiant should pay interest and principal prior to June 4th ult., at which time the semi-annual interest would fall due, and the principal was then overdue, this affiant says the costs and commissions were not necessary to make claim for by suit, and plaintiff waived the same without some demand after said waiver which was not made in any way.

Affiant says further: 1. That judgment for $2468.23 should be entered without costs in favor of the plaintiff. 2. That as affiant is advised and believes the foregoing stated facts show a payment to the plaintiff of $2279.77 by the principal debtor, which payment although not actually in moneys, the plaintiff is entitled to, and being so entitled the plaintiff by lawful proceedings has recovered and is entitled to the said moneys in law; and affiant says that he believes the foregoing facts as stated to be true, &c.

Lewis also filed a supplemental affidavit of defence wherein he averred that he desires to say in further justification of the position taken by him in his affidavit of defence above, that at the meeting of this affiant with the proper officer of said plaintiff (which proper officer was Charles Seibert) in the month of June last past and prior to the 4th day thereof, in addition to the statement contained in above affidavit, it was mutually arranged by and between this affiant and said Seibert that, upon the receipt of the fund distributed

[Lewis *v.* Germania Savings Bank.]

by the Court of Common Pleas of Butler county, the plaintiff after deducting the interest up to the time would credit the principal debt with the balance of said moneys, and carry the balance of the mortgage debt for affiant at the stipulated interest until plaintiff wanted the same paid, and then and there gave the reason therefor as set forth in the affidavit filed as aforesaid, to which arrangement and agreement proposed this affiant assented ; that affiant has at no time or in no way made default in payment of said mortgage debt except and in the way set forth in this and the previous affidavit, which default the plaintiff waived and asked affiant in effect to continue said mortgage until the moneys secured thereby were wanted by the plaintiff ; that affiant is advised and believes that he is indebted to the plaintiff as terre-tenant in the sum mentioned heretofore in his affidavit, without costs and without attorney's commissions.

The plaintiff took a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, which the court made absolute. Lewis then took this writ and assigned this action of the court for error.

*S. M. Raymond, H. W. Weir* and *W. L. Chalfant,* for plaintiff in error.—The facts set forth in the affidavits of defence must be taken as absolute verities. It was the duty of the bank to make the money appropriated to it in Butler county—the bank had made by its execution the sum of $2279.77, to apply to the mortgage debt of James I. Robinson—having done so it was bound, in protection of the surety, to pursue the same until received or finally decided adversely. It could not abandon the fight either after the auditor had decided nor the *puisne* court; the determination must be had here, before the bank can say the money appropriated by the auditor is not receivable by it to the credit of the mortgage. The bank having pursued the principal debtor by execution, and received an award of the money must pursue its legal remedies to the end, and if it abandons its remedies it releases the surety *pro tanto :* Stephens *v.* Monongahela National Bank, 7 Norris 157 ; cases cited in Rees *v.* Barrington, Leading Cases in Equity (White & Tudor), vol. 2, part 2, p. 1867. The attorney's commissions cannot be claimed as it was at no time necessary to collect by law. The question of default under the affidavits was one for the jury, and should have been so left.

*George W. Guthrie,* for defendant in error.—The defendant in error had nothing to do with the relative rights of Lewis and William and James I. Robinson. We hold our mortgage on William's farm— let it be granted that James was originally the principal debtor and that the position of the parties had not been changed, there is no rule of law or equity which enables the surety to require the creditor to proceed first against the principal : Geddis *v.* Hawk, 1 Watts

280 ; McCarthy v. Gordon, 3 Whart. 321 ; or to make use of its position to compel the surety to pay the debt· twice for the benefit of a third party. That the officers of the defendant in error at the solicitation of Lewis (for the affidavit of defence shows that the action was so taken), and without a full knowledge of the situation, claimed the proceeds of the Butler county farm and were refused, cannot change the situation ; it was under no obligation to make the claim, and having made it, Lewis was the party to appeal from the decision if any appeal was to be taken.

As to costs and attorney's commissions, it is submitted that the affidavit shows no reason why defendant in error should not recover them. ·It might be true, if the plaintiff in error had been misled by an officer of the bank, and had immediately, upon service of the writ in this case, tendered payment of the amount due upon the mortgage, that he would in equity have been entitled to relief ; but he did not do so—he·made defence to part of the claim (which he still endeavors to maintain) and merely tendered judgment for the balance, without costs or attorneys' commissions, leaving us to collect it at our own expense. The commission allowed is for collection, not merely for issuing a writ of scire facias, and can be demanded if collected by an attorney after default, even without suit : Imler v. Imler, 13 Norris 372.

Mr. Justice STERRETT delivered the opinion of the court, November 15th 1880.

Assuming all the allegations of fact contained in he affidavits of the defendant below to be true, they do not constitute a valid defence to the payment of the principal debt and interest or any part thereof. It is not pretended that any part of the fund distributed by the Court of Common Pleas of Butler county has ever been received and applied to the mortgage-debt ; on the contrary, it appears by the opinion of that court, which is referred to and made part of the affidavit of defence, that the bank is not authorized to take out of court its distributive share of the fund, except upon assigning to the prothonotary in trust, &c., a corresponding amount of the mortgage upon which this suit is brought. It is very clear that the bank is not bound to do this for the benefit, or supposed benefit, of the terre-tenant, who purchased the mortgaged premises subject to the mortgage in question. It is the principal security for the debt. The judgment on which the money was realized in Butler county, was merely collateral, and until it is awarded· to and received by the bank, there can be no question as to its right to proceed on the mortgage for the purpose of collecting the debt secured thereby.

There is nothing substantial in the alleged agreement of the bank to give further time to the terre-tenant, for the reason that no suf-

[Lewis *v.* Germania Savings Bank.]

ficient consideration for such agreement is disclosed in the affidavits of defence.

The only matter about which there can be any room for doubt is the item of attorney's commissions. It is alleged by the plaintiff in error that prior to June 4th he called at the bank and offered to pay the interest falling due on that day, and also the principal debt, but was informed by the proper officer of the bank that "they did not need the money, and to let it stand until the Butler county matter was disposed of," &c, and that shortly afterwards, without making any request or demand for payment of principal or interest, suit was brought on the mortgage. It is contended that under the circumstances detailed in the affidavits of defence, as to the agreement to give further time, the plaintiff below was not entitled to recover attorney's commissions. We think this would be so if the defendant, even after suit was brought, had been reasonably prompt in paying, or tendering payment of the debt and interest secured by the mortgage. In Daly *v.* Maitland, 7 Norris 384, it is held that while stipulations for the payment of attorney's commissions in mortgages and other securities are valid, they are, nevertheless, subject to the equitable control of the court, and will be enforced only to the extent of compensating the plaintiff for reasonable and necessary expenses of collection. Applying this doctrine to the case of a debtor who has been misled by his creditor and thrown off his guard in the manner the plaintiff in error alleges he was, it would not be an unreasonable exercise of the equitable power of the court to refuse any allowance for attorney's commissions ; but, to justify such action on the part of the court, the defendant should attest his sincerity and good faith by promptly paying or tendering the amount of debt and interest, exclusive of commissions. This was not done in the present case. On the contrary, the defendant took defence to about one-half of the plaintiff's claim, and failed to pay or even tender the residue. The course thus pursued by him has entailed on the bank the expenses of litigation which is not yet ended. Its claim was contested in the court below, and after an adverse decision there it has been obliged to follow the defendant into this court. Under such circumstances he has no equitable claim to relief from the stipulation in the mortgage for payment of attorney's commissions. It was inserted for the very purpose of indemnifying the bank against just such expenses as it has incurred, and may yet become responsible for, in the collection of its claim in this case. In the case above cited it is said by the present chief justice: "In general this court will not review the exercise of a sound discretion by an inferior court upon such a question, and the presumption will always be in favor of its discretion unless it is plainly excessive." Guided by this principle we see no error in the court below in allowing attorney's commissions and including the same in the judgment. Under the

circumstances disclosed by the record, the discretion with which that court is invested in such matters was wisely exercised.

Judgment affirmed.