## Scott *v.* Carl, Appellant.

*Judgment—Mortgage—Attorney's commissions—Discretion of court.*

While stipulations for the payment of attorney's commissions in mortgages and other securities are valid, they are, nevertheless, subject to the equitable control of the court and will be enforced only to the extent of compensating the plaintiff for reasonable and necessary expenses of collection and where a debtor has been misled by his creditor or thrown off his guard, it is not an unreasonable exercise of the equitable power of the court to refuse any allowance for attorney's commissions; but to justify such action the defendant should attest his sincerity and good faith by promptly paying or tendering the amount of debt and interest, exclusive of commissions. In general the appellate court will not review the exercise of a sound discretion by the lower court upon such a question, and the presumption will always be in favor of its discretion unless it is plainly excessive.

Argued Jan. 12, 1904. Appeal, No. 76, Jan. T., 1904, by defendant, from order of C. P. Columbia Co., May T., 1903, No. 150, discharging rule to compel defendant to accept face of debt without attorney's commissions in case of Ada Scott to use of C. A. Small v. Jennie Carl and Harvey Carl. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to compel plaintiff to accept amount of principal sum of bond accompanying mortgage, upon which judgment was entered, exclusive of attorney's commissions.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging the rule.

*C. E. Geyer*, with him *C. J. Fisher*, for appellant, cited: McAllister's App., 59 Pa. 204 ; National Saving Fund, etc., Assn. v. Waters, 141 Pa. 498 ; Lewis v. Germania Savings Bank, 96 Pa. 86 ; Lindley v. Ross, 137 Pa. 629 ; Johnson v. Marsh, 21 W. N. C. 570 ; Daly v. Maitland, 88 Pa. 384 ; Moore's App., 110 Pa. 433 ; Imler v. Imler, 94 Pa. 372.

*Grant Herring*, with him *Clinton Herring*, for appellee, cited: Lewis v. Germania Savings Bank, 96 Pa. 86 ; Walter v. Dickson, 175 Pa. 204 ; Schmidt and Friday's Appeal, 82 Pa. 524 ; Robinson v. Loomis for use, 51 Pa. 78 ; Clarkson v. States, 13 Pa. C. C. Rep. 56 ; Hook v. Montgomery, 7 Pa. C. C. Rep. 268 ; Bedell v. McCormick, 23 W. N. C. 28.

OPINION BY RICE, P. J., March 14, 1904 :

In Daly v. Maitland, 88 Pa. 384, it was held that while stipulations for the payment of attorneys' commissions in mortgages and other securities are valid, they are, nevertheless, subject to the equitable control of the court, and will be enforced only to the extent of compensating the plaintiff for reasonable and necessary expenses of collection. It was held in Lewis v. Germania Savings Bank, 96 Pa. 86, applying the doctrine of the preceding case, that it would not be an unreasonable exercise of the equitable power of the court to refuse any allowance for attorney's commission where the debtor has been misled by his creditor or thrown off his guard. It is upon this ground, principally, that the defendants claimed relief in the present case. But it was also held in the case last cited that to justify such action the defendant should attest his sincerity and good faith by promptly paying or tendering the amount of the debt and interest, exclusive of commissions. The last mentioned principle was distinctly recognized in Walter v. Dickson, 175 Pa. 204, wherein one of the objections to the

allowance of attorney's commissions was, that there had been no preliminary demand for the payment of either principal or interest before suit brought. See also Warwick Iron Co. v. Morton, 148 Pa. 72. The principle would have been applicable here, even if the rule to show cause had come on for determination on the petition and answer. But the case was not to be determined in the court below on them alone, nor is it here. Some of the material allegations of the petition were specifically denied in the answer, and other facts were alleged in the latter which had an important bearing on the case. The answer also contained a general denial of the allegations of fact upon which the rule to show cause was granted, and testimony was taken on both sides. Whatever may have been its first impression as to the justice of the case, derived from a reading of the petition and answer alone, it is to be presumed that the court based its final conclusion on the testimony, taken in connection with the record and pleadings. Looking at the testimony as a whole, it cannot be said that it is an undisputed fact that the defendants were misled or put off their guard. Nor can we say that the testimony preponderates in favor of that conclusion. On the contrary, there was testimony, which, if believed by the court below, would warrant it in concluding that the defendants were derelict after notice that, if they did not keep up the insurance by paying the premium promptly, payment of the debt and interest would be enforced. Granting even that the court might have found the facts as contended for by the defendants, it does not follow that it was reversible error not to do so. The defendant's application to be relieved from payment of the stipulated commissions was an appeal to the equitable jurisdiction of the court, whose duty it was to weigh the testimony, determine the facts and exercise a sound discretion in the premises. The presumption on appeal is always in favor of the decision of the common pleas upon such a question, and its refusal to strike off the attorney's commission will not be set aside unless this be so plainly erroneous as to amount to an abuse of discretion: Daly v. Maitland, supra; Lewis v. Germania Savings Bank, supra. In view of all the testimony and the undisputed fact that the defendants did not tender payment of the debt, although more than four months elapsed between the date of the execution and the date when

the rule to show cause came on for hearing, we cannot convict the court of error in refusing the application and discharging the rule.

Order affirmed and appeal dismissed at the cost of the appellants.