# Jones *v.* McDowell.

*Mortgage—Attorney's commissions—Discretion of court—Appeals.*

The action of the common pleas in refusing to strike off the attorney's commission in the assessment of damages in a mortgage foreclosure proceeding, will not be set aside unless this be so plainly erroneous as will amount to abuse of discretion. Such an application is an appeal to the equitable jurisdiction of the court whose duty it is to weigh the testimony, determine the facts and exercise a sound discretion in the premises.

Argued April 29, 1909. Appeal, No. 183, April T., 1909, by J. M. Skelley, from order of C. P. No. 3, Allegheny Co., May T., 1907, No. 146, discharging rule to strike off attorney's commissions in case of Jones v. McDowell. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule to strike off attorney's commissions.

The facts appear by the opinion of the Superior Court.

*Error assigned* was the order of the court.

*L. C. Barton*, with him *W. C. Dicken*, for appellant, cited: National Savings Fund, etc., Assn. v. Waters, 141 Pa. 498; Scott v. Carl, 24 Pa. Superior Ct. 460; Lewis v. Savings Bank, 96 Pa. 86; Walter v. Dickson, 175 Pa. 204–208· Lindley v. Ross, 137 Pa. 629.

*G. William Jones, Jr.*, for appellee, cited: Scott v. Carl, 24 Pa. Superior Ct. 460.

OPINION BY RICE, P. J., October 11, 1909:

The judgment on the bond accompanying the mortgage was entered on March 12, 1907. By virtue of the condition in the bond relative to default in payment of any installment of interest for the space of thirty days the whole principal debt of

$1,200 with interest had become due in the latter part of January preceding. According to a stipulation in the bond, execution might then have issued for the collection of the debt, interest, fees, costs and expenses of collection, including an attorney's commission of five per cent. On April 27, 1907, J. M. Skelley, the appellant, who had purchased the mortgaged premises at bankrupt sale on March 12, 1907, subject to the lien of the mortgage, but had not yet received his deed, tendered to the plaintiff $1,260.50 on April 27, 1907, and demanded satisfaction of the mortgage. This sum was about sufficient to pay the debt and interest but did not cover the costs incident to the judgment apart from the attorney's commission. The tender was not accepted, the plaintiff desiring the advice of his son, who was his attorney; accordingly the matter was postponed until the following Monday, April 29. On that date the parties met pursuant to their agreement. The testimony as to what occurred at this meeting is not altogether harmonious. The contention of the appellant is that the parties separated upon the agreement that they should meet later upon telephone call to settle up the matter. On the other hand, the plaintiff's attorney testified that he then prepared and submitted to the appellant a written statement showing that the exact amount of the debt, interest and costs, without attorney's commissions, was $1,266.75, and said to him that upon payment of that amount they would close the matter that day. We quote now from his testimony:

"After examining said statement, he stated that Mr. Dille could not be present, owing to a sale in bankruptcy. I asked him whether Mr. Dille was his attorney and he answered that he was not. I then asked him what had Mr. Dille to do with this matter, to which he answered, 'I do not want to pay any more money in until I get my deed.' He said he would meet us again after seeing Mr. Dille. I told him that we would meet him any time, but that it would be at his own risk. Then Mr. Skelley and Mr. Agnew went out. At this meeting no money was produced."

On the following day the plaintiff issued a fi. fa. on the judgment. On May 2, the appellant tendered him $1,261.50, and

it is alleged offered to pay the costs of the judgment, but the plaintiff insisted on payment of the attorney's commission. Two months later the appellant presented his petition to the common pleas, which closed with the prayer that the writ be stayed and that the plaintiff be ordered and directed to satisfy of record the mortgage upon payment to him of the sum of $1,261.50. The court granted rule to show cause why the prayer of the petition should not be granted and in the meantime ordered the execution to be stayed, upon condition that the appellant pay to the plaintiff the sum of $1,261.50. The appellant complied with the condition.

This appeal is from the subsequent order discharging the rule to show cause. The question sought to be raised is as to the plaintiff's right to enforce the stipulation as to attorney's commissions.

Passing all technical questions as to the form of the rule to show cause, and as to the appellant's right to a review of the court's decision, it is apparent that a good deal depends upon what took place at the meeting on April 29. If the appellant's version is correct, it could be argued with much force that the issuing of the execution on the following day was an act of bad faith and that the principle applicable where the debtor has been misled by his creditor should be applied here. See Lewis v. Germania Savings Bank, 96 Pa. 86. On the other hand, if the version of the plaintiff's attorney is correct, the appellant might have saved the attorney's commission by paying the actual debt, interest and costs on that day, they being long overdue, and he had plain notice that any further delay would be at his risk.

Granting that the court might have found the facts as contended for by the appellant, it does not necessarily follow that it was reversible error not to do so. His application was an appeal to the equitable jurisdiction of the court, whose duty it was to weigh the testimony, determine the facts, and exercise a sound discretion in the premises. The presumption on appeal is always in favor of the decision of the common pleas upon such question, and its refusal to strike off the attorney's commission will not be set aside unless this be so plainly erroneous as to

amount to an abuse of discretion: Scott v. Carl, 24 Pa. Superior Ct. 460, and cases there cited. .

In view of the testimony and the facts which the judges of the common pleas could deduce from it, and the further fact that the tender did not fully cover the actual costs, we cannot say that there was a plain abuse of discretion in discharging the rule.

The appeal is dismissed at the cost of the appellant.