# Croneberger *v.* Conrad, Appellant.

*Contracts—Equity—Specific performance—Insufficient evidence.*

1. In proceedings in equity for the specific performance of a parol contract for the sale of land, the evidence must define the boundaries, indicate the quantity of land, fix the amount of consideration, establish the fact that possession was taken in pursuance of the contract at or immediately after the time it was made and show such performance or part performance by the vendee as cannot be compensated in damages and such as to make rescission of the contract inequitable and unjust.

2. In a suit in equity to compel defendant to convey to plaintiff certain real estate, plaintiff alleged that he had furnished defendant with money to purchase the land under an agreement that the title thereto should be conveyed to plaintiff, but that defendant had taken title and refused to convey as agreed. Defendant denied the existence of the agreement and averred that the money received from plaintiff was a loan for which he had given a promissory note and that it was not used to purchase the property. Plaintiff's allegations were supported by his own testimony, corroborated by that of his wife. Defendant's allegations were corroborated by a writing of the date on which he received the money. The lower court awarded the relief prayed for. *Held,* that the written evidence was conclusive of the fact that the money received by defendant from plaintiff was a loan, that by the clear weight of the evidence plaintiff had failed to establish a parol contract by which defendant received the money from him for the purchase of the property in question, or any contract by which it was agreed that any money should be furnished for the purchase of the property, and the decree was reversed.

Argued Feb. 16, 1915.  Appeal, No. 324, Jan. T., 1913, by defendant, from decree of C. P. Schuylkill Co., Jan. T., 1911, No. 3, in Equity, requiring specific performance, in case of Peter Croneberger v. William R. Conrad.  Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ.  Reversed.

Bill in equity for specific performance.  Before BRUMM, J.

The facts appear in the opinion of the Supreme Court.

The court awarded the relief prayed for.  Defendant appealed.

*Error assigned,* among others, was the decree of the court.

*C. E. Berger,* with him *F. P. Krebs,* for appellant.

*J. O. Ulrich,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, March 29, 1915:

This is a bill brought to compel the defendant to convey to the plaintiff certain real estate and to account for the rents which the latter had received for the premises. The bill avers, inter alia, that the plaintiff furnished the defendant with $1,679 for the purpose of purchasing the real estate; that it was understood and agreed by and between the parties at the time of the purchase of the property that it should be bought for the plaintiff and that the title was to vest in the plaintiff, but that the defendant took the title in his name and had the deed made to him as grantee; that the plaintiff occupied one of the dwellings on the premises and that the defendant had rented the other dwelling since the purchase and received the rent therefor; that the parties had made improvements, additions and repairs to the property and paid for the same; and that the plaintiff had requested the defendant to settle accounts between them and convey the

property to him, but that the defendant had declined the request.

The defendant, in his answer, denied that the plaintiff had furnished him the money to purchase the property, that there was an agreement between the parties for the purchase of the property, that it should be purchased for the plaintiff, or that the title should vest in the plaintiff. He admits that since the purchase, the plaintiff has occupied one of the dwellings on the premises, and that he has received the rents for the other dwelling. He denies that the plaintiff has made improvements, additions or repairs to the property or paid for the same, except a trivial repair to the porch of the dwelling which the plaintiff occupied. The defendant admits that he received from the plaintiff $1,405, as a loan, for which he gave his promissory note. He denies that the money he received from the plaintiff was used to purchase the property in question, and avers that he paid $1,500 for the property, of which $500 was applied to the payment of a mortgage on the property and to a store bill which the owner of the property owed him, and $1,000 was secured by a purchase-money mortgage on the premises. He avers that after the purchase of the property he expended a larger sum of money in making alterations, additions and repairs than the original purchase-price of the property. He denies the right of the plaintiff to have the relief prayed for in the bill.

The parties were heard by the learned judge of the court below who subsequently entered a decree against the defendant that the plaintiff pay to the defendant $481.67, and that the latter convey the property to the plaintiff.

The case was here last year and we were compelled to remand it for an adjudication in accordance with the equity rules. Believing that the learned court had inadvertently overlooked the requirement of the rules and the numerous decisions in this court construing them, we directed attention in our order to the decisions

with the hope that the case would be so adjudicated in the trial court as to dispose of the issues raised by the pleadings, and to enable this court to review the case without performing the duties of the trial court. We regret to say that the case is in no better condition than it was when it was here a year ago. We have concluded, however, to dispose of it in order to avoid further costs to the litigants and further delay in the adjudication of their rights.

The suggestion of the plaintiff, in his printed brief, is that the bill was filed for the specific performance of a parol contract for the sale of land, and hence the only question in the case is whether there is sufficient evidence of the contract to take it out of the operation of the statute of frauds. The rule in such cases is well settled by numerous decisions of this court. The evidence must define the boundaries, indicate the quantity of land, fix the amount of consideration, establish the fact that possession was taken in pursuance of the contract at or immediately after the time it was made, and show such performance or part performance by the vendee as cannot be compensated in damages and such as would make rescission of the contract inequitable and unjust.

The plaintiff and defendant are brothers-in-law. In December, 1902, the defendant received $50 from the plaintiff, which the latter testified was paid on the property. This is denied by the defendant in his testimony and is further contradicted by the evidence that a note was given by the defendant for the money which states that it was received as a loan. Defendant also in the same month received $1,405 from the plaintiff who testified that it was furnished in pursuance of an agreement to buy the property in question. He was corroborated by the testimony of his wife. The defendant testified that he had never agreed with the plaintiff to buy the property, and that the money was not furnished for that purpose, but as a loan. He was corroborated by a

writing of the date on which the money was furnished to the effect that the money had been received by the defendant to be repaid on demand. The plaintiff moved into one part of the double house on the premises about three months after the purchase and continued to reside there with his family until shortly before the bill was filed. He paid no rent for the premises in which he resided. The other part of the house was occupied by the tenant of the defendant who received the rents therefor. The defendant made valuable alterations, additions and improvements to the premises. He also paid the taxes and water rents, the whole expenditure involving perhaps an outlay of about $2,000. The plaintiff furnished the defendant $1,679, $179 of which may have been made on account of improvements on the premises, which, however, is denied by the defendant. The plaintiff claimed that the entire amount furnished the defendant is $1,679 with interest, and admitted that he occupied one of the houses without paying any taxes, insurance or water rent.

During the trial of the cause, the plaintiff offered in evidence a letter written to him by the son of the defendant which contains an acknowledgment that the property was bought for the plaintiff. It clearly appeared, however, that the letter was written without the knowledge or authority of the defendant, and hence did not bind him. The learned court erroneously admitted the letter as evidence showing that the property had been purchased for the plaintiff. During the trial the defendant testified that he was willing to convey the property to the plaintiff if the latter would pay him the full amount of the money which he had invested in the property, including the cost of repairs, taxes, etc. The plaintiff made no tender or offer of the amount and subsequently the defendant withdrew his offer. This, however, does not affect the case. The bill was not filed to enforce the offer, but the alleged parol agreement

previously made by the parties. The testimony has no bearing on the issues raised by the pleadings.

We have examined the testimony carefully and are forced to the conclusion that by the clear weight of the evidence the plaintiff has failed to show that he furnished the money to the defendant to purchase the property in question; that there was any agreement between the parties that the defendant should purchase the property for the plaintiff and the title should vest in the plaintiff; or that the money received by the defendant from the plaintiff was applied to the purchase of the property. We think the written evidence is conclusive of the fact that the money received by the defendant from the plaintiff was a loan which was to be repaid or accounted for by the defendant to the plaintiff. The plaintiff, therefore, not only has failed to establish a parol contract by which the defendant received the money from him and agreed to purchase the property in question for him, enforceable under the statute of frauds, but has failed to prove a contract by which it was agreed that any money should be furnished and the property should be purchased as alleged in the bill.

The decree of the court below is reversed, and the bill is dismissed at the cost of the plaintiff.