Eastgate Enterprises, Inc., Appellant, *v.* Bank and Trust Company of Old York Road.

Argued December 5, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ. (VAN DER VOORT, J., absent).

*Charles J. King, Jr.,* with him *Rogers, King & Daniels,* for appellant.

*Philip D. Weiss,* with him *McTighe, Brown, Weiss, Bonner & Stewart,* for appellee.

OPINION BY SPAETH, J., September 22, 1975:

This is an action in assumpsit to recover certain costs and attorney's fees, which appellant (as plaintiff) claims it was required to pay appellee (as defendant) under duress. The complaint alleges: that appellant and appellee orally agreed that appellant would pay $110,000 for a certain piece of land, and in return appellee would forbear foreclosing on a mortgage on the land; that "[a]s a result of the foregoing [oral agreement], and in reliance upon representations made by [appellee]," appellant "negotiated a cancellation" of an agreement to sell the land to Gino's for $125,000; that in violation of the oral agreement, appellee foreclosed on the mortgage; that as part of the foreclosure, appellee claimed costs and attorney's fees totalling $9,455.36, and refused to satisfy the mortgage until these were paid;[1] and that "[u]nder duress," appellant paid the costs and attorney's fees. Appellee filed preliminary objections in the form of a demurrer, pleading that the complaint failed to state a cause of action because "[t]he alleged oral agreement not to foreclose is unenforceable under the Statute of Frauds."[2] The objections were sustained, and the complaint was dismissed. This appeal followed.

---

1. In Pennsylvania, a mortgagee is entitled on foreclosure to recover reasonable expenses, including attorney's fees. *Foulke v. Hatfield Fair Grounds Bazaar, Inc.,* 196 Pa. Superior Ct. 155, 173 A.2d 703 (1961); *Jones v. McDowell,* 41 Pa. Superior Ct. 42 (1909); *Scott v. Carl,* 24 Pa. Superior Ct. 460 (1904).

2. The Statute of Frauds may be raised by preliminary objections. *Haskell v. Heathcote,* 363 Pa. 184, 69 A.2d 71 (1949).

The Statute of Frauds, Act of March 21, 1772, 1 Sm. L. 389, §1, 33 P.S. §1, provides that "no leases, estates or interests, either of freehold or terms of years, or any uncertain interest, of, in, to or out of any messuages, manors, lands, tenements or hereditaments, shall, at any time after the said April 10, 1772, be assigned, granted or surrendered, unless it be by deed or note, in writing, signed by the party so assigning, granting or surrendering the same, or their agents, thereto lawfully authorized by writing, or by act and operation of law."

Thus, "an *oral* contract to convey *real estate* or to change the title to real estate is a violation of the Statute of Frauds, . . ." *Brinko v. Redden,* 402 Pa. 408, 410, 167 A.2d 467, 468 (1961) (emphasis in original) ; *Jermyn v. Mc-Clure,* 195 Pa. 245, 45 A. 938 (1900) ; *Lehner v. Montgomery,* 180 Pa. Superior Ct. 493, 119 A.2d 626 (1956).

"The Statute of Frauds is not a rule of evidence, but a declaration of public policy . . . [It] does not absolutely invalidate an oral contract relating to land but is intended merely to guard against perjury on the part of one claiming under the alleged agreement." *Schuster v. Pa. Turnpike Commission,* 395 Pa. 441, 450-51, 149 A.2d 447, 451-52 (1959). Specific evidence that would make rescission of an oral contract inequitable and unjust will take the contract out of the Statute of Frauds, *Croneberger v. Conrad,* 248 Pa. 612, 615 (1915), as, for example, sufficient "part performance" or an admission by the defendant, either in his pleadings or at the trial, of the existence of the contract. *Zlotziver v. Zlotziver,* 355 Pa. 299, 49 A.2d 779 (1946). The reason for this rule is that such evidence reduces the chances of fraud and perjury and therefore the purpose of the statute is served. *Lehner v. Montgomery, supra* at 497, 500, 119 A.2d at 628, 630.

Here, there is no suggestion of such evidence. There is only the bare allegation of the oral agreement; the allegation about "negotiat[ing] a cancellation" of the agreement to sell to Gino's adds nothing, for the terms

of the negotiations are not alleged. *Axe v. Potts,* 349 Pa. 345, 37 A.2d 572 (1944).

Appellant contends, however, that an oral agreement not to foreclose a mortgage is not such an agreement as falls within the Statute of Frauds.

To be valid, a mortgage must be in writing. "There can be no such thing as a valid and efficacious, parol mortgage." *Bower v. Oyster,* 3 P & W 239, 240 (Pa. 1831). *Accord, Kepler v. Kepler,* 330 Pa. 441, 199 A. 198 (1938) ; *Thomas's Appeal,* 30 Pa. 378 (1858) ; *Shitz v. Diffenbach,* 3 Pa. 233 (1846). Early cases held that certain parol agreements relating to mortgages were permissible. *Craft v. Webster,* 4 Rawle 241 (Pa. 1833) (oral assignment of mortgage is not invalidated by the Statute of Frauds) ; *Ackla v. Ackla,* 6 Pa. 228 (1847) (a parol release may extinguish a mortgage). The reasoning was that a "mortgage, in Pennsylvania is literally and legally now understood to be but a bare security for the payment of the money, or performance of other acts therein mentioned; and at most only a chose in action." *Craft v. Webster, supra* at 255. Subsequent decisions, however, have not accepted this reasoning. A mortgage is no longer considered to be "at most . . . a chose in action." Rather, mortgages "are in form defeasible sales, and in substance grants of specific security, or *interests in land for the purpose of security." Bulger v. Wilderman and Pleet,* 101 Pa. Superior Ct. 168, 174 (1931) (emphasis supplied).

> "While ordinarily, as to third parties, a mortgage may be only a security for the debt specified in the accompanying bond, it is, *as to the mortgagor and mortgagee,* and those claiming under and through them, *a conveyance of the land,* and may be enforced as such whenever the mortgagee deems it necessary so to do in order to enable him to speedily and effectively recover the amount then due on the bond." *Randal v. Jersey Mortgage Inv. Co.,* 306 Pa. 1, 5, 158 A. 865, 868 (1932) (emphasis supplied).

Therefore, as between the mortgagor or mortgagee and the rest of the world, the mortgage may represent only a chose in action;[3] but as between the mortgagor and mortgagee, the mortgage represents an interest in land and so must satisfy the Statute of Frauds. 9 Thompson on Real Property §4659 (1958 replacement).

In the present case, the alleged oral agreement not to foreclose was between the mortgagor and mortgagee. As between these parties, the mortgage represented an interest in land. The agreement not to foreclose was therefore an agreement to surrender an interest in land. As such, the agreement was within the Statute of Frauds. In *Second National Bank of Uniontown v. Hustead,* 334 Pa. 421, 6 A.2d 63 (1939), the Supreme Court held that "an oral agreement . . ., in consideration of . . . forbearance to appeal from the decision of the court dismissing exceptions to the sheriff's sale" was "within the prohibition of the statute of frauds." *Id.* at 422, 6 A.2d at 63-64. There is no distinction of substance between an agreement not to appeal from a sheriff's sale, and not to foreclose a mortgage.

Appellant next contends that even if the Statute of Frauds does apply, still it has a cause of action for the recovery of unreasonable attorney's fees. In its complaint, as has been indicated, appellant alleged the amount of the attorney's fees; but it failed to allege that the fees were unreasonable. Noting this failure, the lower court concluded that "[t]herefore, [the fees] are deemed reasonable and properly collectible on that basis." In response to this conclusion, appellant now seeks to amend its complaint to include an allegation of unreasonableness.

A liberal right of amendment is afforded all litigants, Pa. R. C. P. 1033, and a complaint may be amended even

---

3. In *Zach v. Bak,* 83 D&C 119, 120 (1952), the trial court held that in general a mortgage represents "an interest in land as [sic] is within the meaning and spirit of the statute." We do not need to decide whether *Randal* goes that far.

if doing so changes the cause of action, provided the statute of limitations has not run. *Bata v. Central-Penn National Bank of Philadelphia*, 448 Pa. 355, 293 A.2d 343 (1972). Appellant could have filed an amendment "as of course within ten (10) days after service of a copy of preliminary objections." Pa. R. C. P. 1028(c). Or it could have asked the lower court for leave to amend. Pa. R. C. P. 1033. Instead, appellant chose to appeal to this court and to ask us for leave to amend. We can find no case permitting such a procedure when the amendment is a matter of substance.[4] In the circumstances, we consider appellant's application to amend as coming too late. *Cf. Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).

The order of the lower court is affirmed.

---

4. *Compare McGinnis v. The Valvoline Oil Works*, 251 Pa. 407, 96 A. 1038 (1916), *and Wright v. Eureka Tempered Copper Co.*, 206 Pa. 274, 55 A. 978 (1903) (amendments allowed to correct technical errors in corporate designation). The amendment, if allowed, would change the cause of action. As the complaint now stands, appellant relies on an oral agreement not to foreclose. If the amendment were to be allowed, the oral agreement would become irrelevant; appellant's claim would be that although appellee was entitled to foreclose it could incident to the foreclosure collect only reasonable attorney's fees. It may be added that although this claim is inconsistent with a claim based on an oral agreement not to foreclose, inconsistent claims may be pleaded in the alternative. Pa. R. C. P. 1020.