389 A.2d 122

**Nicholas C. and Joanne E. BOZZI, his wife, and Neil J. and Kathryn Dugan, his wife, Appellants,**

**v.**

**GREATER DELAWARE VALLEY SAVINGS AND LOAN ASSOCIATION, Appellee.**

Superior Court of Pennsylvania.

Argued March 21, 1978.

Decided July 12, 1978.

C. Clark Hodgson, Jr., Philadelphia, for appellants.

Patricia H. Jenkins, Media, with her Matthew J. Ryan, Media, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT and HESTER, JJ.

JACOBS, President Judge:

Appellants bring this appeal from an order of summary judgment entered in favor of appellee. The only issue before us is whether the lower court erred in holding that appellee's oral promise to lend money to appellants in return for a mortgage on property to be purchased with the borrowed money is unenforceable by virtue of the statute of frauds.[1] We find no error and, accordingly, affirm.

In February, 1968, appellants learned that a six unit apartment building in Upper Darby, Pennsylvania, might be for sale. A mortgage on the property was held by appellee savings and loan association. After beginning negotiations to buy the property, appellants contacted appellee to ascertain whether they could borrow purchase money from appellee. On June 5, appellants filed a loan application with appellee and on June 15, they entered into a written agreement of sale with the property owners.[2] During June and

---

1. Appellants also assert that the court erred in allowing appellee to argue the illegality of the purported agreement because such argument was untimely. In light of our decision in this case, which does not depend upon the illegality argument, we need not address that issue.

2. The agreement of sale provided that settlement was to be made on or before August 15, 1968, and that time was of the essence of the agreement unless extended by mutual consent in an endorsed writing. Record at 6a. There is no allegation or proof on the record that

July, Appellant Nicholas Bozzi had several conversations, by telephone and in person, with Ralph Smoot, an officer of appellee lending institution. Although appellants sought a loan in the amount of $46,000 repayable over twenty years at seven per cent interest, the terms of the loan agreement provided for a $45,000 loan repayable over seventeen years at five per cent interest.[3] Consideration for the loan was to be a first mortgage on the property. On September 5, appellee notified appellants that it was no longer willing to lend the purchase money provided by the oral agreement, although it did propose that appellants assume the existing mortgage on the property. Appellants found appellee's offer unacceptable. Before appellants were able to secure other financing, the property owners brought their delinquent mortgage payments up to date and the property was withdrawn from the market.

Appellants brought this suit in assumpsit against appellee seeking $55,047.77 in damages allegedly caused by appellee's failure to abide by the oral loan agreement. After lengthy discovery and a pretrial conference, appellee moved for summary judgment on the basis that the oral agreement was unenforceable as a matter of law by virtue of the statute of frauds. The motion was granted and this appeal followed.

The statute of frauds provides that

[N]o leases, estates or interests, either of freehold or terms of years, or any uncertain interest, of, in, to or out of any messuages, manors, lands, tenements or hereditaments, shall, at any time after the said April 10, 1772, be assigned, granted or surrendered, unless it be by deed or

the time for settlement was extended by the parties so, presumably, the sales agreement did expire on August 15, 1968.

3. Appellee's answer to appellants' complaint specifically denied that any oral agreement was ever entered into by the parties. For the limited purposes of the summary judgment motion, however, appellee argued on the basis that an oral agreement did exist. In terms of the summary judgment motion, then, there was no genuine issue as to any material fact, but only an issue of law—whether the oral agreement was unenforceable because of the statute of frauds. Pa.R. C.P. 1035(b).

note, in writing, signed by the party so assigning, granting or surrendering the same, or their agents, thereto lawfully authorized by writing, or by act and operation of law.

The Act of March 21, 1772, Sm.L. 389, § 1, 33 P.S. § 1. In arguing against the summary judgment motion, appellants asserted that appellee's agreement to lend money to appellants did not create an interest in land and, therefore, that the statute of frauds is inapplicable to the case. Appellee, in turn, argued that such an agreement would create an interest in land and that, if oral, would be unenforceable because of the statute of frauds.

Neither party has provided us with any authority indicating whether an agreement such as the one before us must be in writing, and our own research has uncovered no such authority. The case closest to the one before us now is *Eastgate Enterprises, Inc. v. Bank and Trust Company of Old York Road,* and we consider it to be controlling here. 236 Pa.Super. 503, 345 A.2d 279 (1975). In *Eastgate Enterprises, Inc.,* we held that an agreement to refrain from foreclosing on a mortgage must satisfy the statute of frauds to be enforceable. Between mortgagor and mortgagee, a mortgage represents an interest in land and must be in writing. Similarly, an agreement not to foreclose on a mortgage is an agreement to surrender an interest in land. Such an agreement also must be in writing by virtue of the statute of frauds. *Id.,* 236 Pa.Super. at 508, 345 A.2d at 281.

By analogy to *Eastgate Enterprises, Inc. v. Bank and Trust Company of Old York Road,* we conclude that an oral agreement to lend money to a borrower in consideration for a mortgage must be in writing pursuant to the statute of frauds. Appellants' argument that the mortgage and not the oral agreement to lend money creates an interest in land falls short of the mark. There is no dispute that appellants filed a mortgage application with appellee lending institution nor that the mortgage was meant to serve as consideration for the loan. Just as an agreement not to foreclose is the basis of a forfeiture of an interest in land, an agreement

to lend money in consideration for a mortgage is the basis for the granting of an interest in land. The statute of frauds requires any agreement granting an interest in land to be in writing. Appellee's agreement to lend purchase money to appellant was oral. Pursuant to the statute of frauds, that oral agreement is not enforceable as a matter of law. Summary judgment in favor of appellee was proper.

Order affirmed.

SPAETH, J., did not participate in the consideration or decision of this case.