594 A.2d 356

**ATLANTIC FINANCIAL FEDERAL**

v.

**ORIANNA HISTORIC ASSOCIATES, a Pennsylvania Limited Partnership, Appellant.**

Superior Court of Pennsylvania.

Argued June 13, 1991.

Filed July 15, 1991.

Daniel J. Dugan, Philadelphia, for appellant.

William J. MacDermott, Philadelphia, for appellee.

Before MONTEMURO, BECK and CERCONE, JJ.

MONTEMURO, Judge:

This is an appeal from an order granting appellee's motion for summary judgment in a case involving foreclosure of twelve mortgages.

Appellant is the developer of two condominium projects in the city of Philadelphia, known respectively as Smythe's Store, which involved twelve mortgages, and Smythe's corner, involving thirty mortgages. Both projects were financed by appellee. In October of 1989, appellee filed complaints in mortgage foreclosure on the Smythe's Store project, asserting default, and these claims were consolidated for trial with foreclosure actions filed in July and August of 1990 as to the remaining thirty mortgages.[1] In its Answer and New Matter, appellant denied being in default, and posited the existence of an agreement by appellee to forbear from instituting the foreclosure actions. Appellee denied that such an agreement had been made, and successfully moved for summary judgment. This appeal followed.

Prior to addressing the two issues raised by appellant, we reiterate the standard to be applied where the grant of summary judgment has been challenged.

We will uphold a grant of summary judgment only in those cases in which the pleadings, depositions, interroga-

---

1. The actions as to these mortgages are still before the trial court, and are not included in the instant appeal.

tories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b). In reviewing a grant of summary judgment, we accept as true all well-pleaded facts in the non-moving party's pleadings and give the non-moving party the benefit of all reasonable inferences to be drawn therefrom. *Lookenbill v. Garrett,* 340 Pa.Super. 435, 490 A.2d 857 (1985).

*Rosen v. Tessoro Petroleum Corporation,* 399 Pa.Super. 226, 228–29, 582 A.2d 27, 28–29 (1990).

Appellant first argues that summary judgment was improperly granted because there existed a genuine issue of material fact as to the agreement to forbear, and because appellant had had no opportunity for discovery. However, deposition testimony of Scott Schaeffer, appellant's representative, revealed that in fact appellant was in default, and that the putative agreement to refrain from foreclosure was not in writing. Moreover, appellee's representative denied all knowledge of any such contract.

On the basis of the evidence presented, the agreement was found by the trial court, citing *Eastgate Enterprises, Inc. v. Bank and Trust Company of Old York Road,* 236 Pa.Super. 503, 345 A.2d 279 (1975), to be subject to the Statute of Frauds.[2]

> In the present case, the alleged oral agreement not to foreclose was between the mortgagor and mortgagee. As between these parties, the mortgage represented an interest in land. The agreement not to foreclose was therefore an agreement to surrender an interest in land. As such, the agreement was within the Statute of Frauds.

**2.** 33 P.S. § 1 et seq., provides that "no leases, estates or interests, either of freehold or terms of years, or any uncertain interest, of, in to or out of any messuages, manors, lands, tenements or herditaments shall, at any time after the said April 10, 1772, be assigned, granted or surrendered, unless it be by deed or note, in writing, signed by the party so assigning, granting or surrendering the same, or their agents, thereto lawfully authorized by writing, or by act and operation of law."

*Id.* 236 Pa.Superior Ct. at 508, 345 A.2d at 281. *See also, Warden v. Zanella,* 283 Pa.Super. 137, 423 A.2d 1026 (1980).

> As the trial court pointed out,
>
> [T]he only evidence proffered by defendants to establish the existence of an agreement to forbear foreclosure proceeding is a letter written two weeks after commencement of the instant action which purports to set forth defendant's "understanding" that an enclosed check "will cause the suits between Atlantic Financial Federal and Orianna Historic Associates to be dismissed."
>
> This unilateral letter confirming an "understanding" which was not replied to, enclosing a check that was not negotiated is insufficient to satisfy the requirements of the Statute of Frauds.

Trial Court Opinion at 4.

Therefore, appellant's contention that there was an issue of triable fact concerning the agreement to forbear was properly disposed of. Appellant's unsupported, and related assertion that it was denied the opportunity for discovery is similarly meritless, as any evidence of the existence of the oral agreement would have been inadmissible under the parol evidence rule. *Warden v. Zanella, supra.*

Next, appellant argues that the applicability of the Statute of Frauds is itself a matter of factual dispute, rendering improper the grant of summary judgment. Citing *Eastgate, supra,* for the proposition that "Specific evidence that would make recission of an oral contract inequitable and unjust will take the contract out of the Statute of Frauds," *Id.* 236 Pa.Super. at 506, 345 A.2d at 280, appellant argues that just such evidence exists in the instant case. As examples, appellant points to its course of dealing with appellee, its decision not to pursue legal remedies on its own behalf, and undocumented statements of appellee's representative as proof that the Statute should not be applied. However, none of these is persuasive, as appellant's course of dealing has led to foreclosure, the availability of legal recourse to a mortgagor in appellant's

position is doubtful, and its proof of any forbearance agreement is non-existent.

Further, appellant fails to include in its assertion that the putative contract here considered is not governed by the Statute for the reasons given by the *Eastgate* rule: to "reduce[s] the chances of fraud and perjury." *Id.* Neither of these has been alleged herein. What is involved is appellant's admitted failure to pay what was due and owing appellee under the terms of a mortgage. No written alterations to this document are even alleged to exist—appellant merely depends upon a unilateral expression of understanding. Given these circumstances, we find no error in the court's determination that appellee's motion for summary judgment should be granted.

Judgment affirmed.