## Horanic v. Westmoreland County Tax Claim Bureau

*Jerome L. Tierney,* for plaintiff.

*Barry B. Gindlesperger,* for defendant Louis J. Paulisicks.

*William J. McCabe,* for defendants Raymond and Tina Hadad.

McCORMICK, *J.,* March 5, 1992—This matter is raised by the defendants' motion for summary judgment, seeking a dismissal of the plaintiff's complaint for failure to allege an agreement in compliance with the requisite aspects of the Statute of Frauds, 33 P.S. §1 et seq.

The plaintiff's first amended complaint contends that the plaintiff and defendant Raymond Hadad had a mutual belief or understanding at the time they acquired the properties in question as tenants in common, that each had to consent to the other's conveyance of the properties to third parties. At the time Ms. Horanic and Mr. Hadad acquired the properties, they were engaged to be married, but that engagement was subsequently terminated, and Mr. Hadad has married another, Tina Hadad, a defendant to this case. A review

of the deeds whereby Ms. Horanic and Mr. Hadad achieved title discloses no indication of any restrictions on either party regarding subsequent conveyances. Neither has Ms. Horanic made this court aware of any other writing that purports to set forth any such restriction.

What the plaintiff contends is applicable herein is a forbearance to convey. Normally, a tenant in common is free to convey his interest in the co-tenancy without reference to or consent from his co-tenant. *Werner v. Quality Service Oil Co. Inc.*, 337 Pa. Super. 264, 486 A.2d 1009 (1984). Any restriction upon that right to convey would constitute the grant or surrender of an interest in land, which would require compliance with the Statute of Frauds in order to be considered a legitimate right enforceable as against that co-tenant. Although there appears to be some agreement by Mr. Hadad that he may have orally promised to forbear from conveying his share of the co-tenancy, such an oral promise does not meet the requirements of the statute.

This case can be analogized to *Atlantic Financial Federal v. Orianna Historic Associates*, 406 Pa. Super. 316, 594 A.2d 356 (1991), wherein it was alleged that the plaintiffs in a mortgage foreclosure action had orally agreed to forbear from foreclosing upon the mortgages in question. The Superior Court found that such an oral forbearance agreement would have been the surrender of an interest in land and as such was subject to the Statute of Frauds. The same is clear in the instant case.

The plaintiff is therefore unable to make out an agreement to support her contention. Considering the plead-

618

ings, depositions, interrogatories and admissions constituting the record in this case, along with the affidavits submitted, this court must conclude that there are no genuine issues of material fact remaining for resolution by the fact finder and must grant summary judgment. *Rosen v. Tessoro Petroleum Corp.*, 399 Pa. Super. 226, 582 A.2d 27 (1990).

## ORDER OF COURT

And now, March 5, 1992, there appearing to be no genuine issues of material fact remaining for resolution by the finder of fact, the defendants' motions for summary judgment are granted.