## L. E. SMITH v. B. J. TUIT.

ERROR TO THE COURT OF COMMON PLEAS OF FAYETTE COUNTY.

Argued May 15, 1889—Decided June 28, 1889.
[To be reported.]

</div>

| | |
|---|---|
| 127 | 341 |
| 137 | 40 |

| | |
|---|---|
| 127 | 341 |
| 20 SC [3] | 49 |

| | |
|---|---|
| 127 | 341 |
| 204 | [315] |

| | |
|---|---|
| 127 | 341 |
| 39SC[218] | |

1. A paper in the form of a will, devising real estate expressly in consideration of and as compensation for specific services to be rendered

by the devisee, may operate as a memorandum of a contract for the sale of land sufficient to comply with the statute of frauds, and as such be admissible in evidence during the lifetime of the testator.

2. Such paper, without evidence of anything done under it by the devisee, cannot be treated as anything more than a will, revocable at the mere pleasure of the testator; but when the testator has put the devisee in possession of the land devised, and the latter has fully complied with his part of the agreement, the devise loses its revocability and must be treated as an executed contract.

3. If such instrument contain a provision that the devisee shall have possession of the land devised during the lifetime of the testator, and in pursuance of this provision the devisee obtain possession thereof and faithfully perform the specified conditions, he cannot be ousted from the land even by the testator, but has vested in him a right of possession sufficient to defeat ejectment brought by the testator or his grantee.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and McCOLLUM, JJ.

No. 374 January Term 1889, Sup. Ct.; court below, No. 137 June Term 1886, C. P.

On April 5, 1886, Belford J. Tuit brought ejectment against Laura E. Smith for a certain house and lot in New Salem, Pa. The defendant pleaded, not guilty.

At the trial on October 8, 1888, before EWING, J., the plaintiff offered in evidence a deed to himself from Sarah Smith, under whom both parties claimed, dated August 29, 1885, conveying the property in dispute, and rested.

The defendant then offered in evidence the following paper:

" The last Will and Testament of Sarah Smith, of the township of Menallen, in the County of Fayette, State of Pennsylvania: I, Sarah Smith, considering the uncertainty of this mortal life and being of sound mind and memory do make and publish this my last will and testament in manner and form following:

" First. It is my will that all my just debts and funeral expenses, including good, decent tombstones, together with the proving of this my last will and testament, be first paid by my executor hereinafter named out of my estate.

" Second. I will and bequeath to Laura E. Smith all my real and personal property of whatsoever kind or nature, including house and lot that I purchased of William M. Jones in town of New Salem, adjoining lands of Jacob Allamon, Caleb Antram

and others. I desire that the above described property, after the settlement of all my just debts, heretofore mentioned, shall be for his kindness and care toward me in sickness and in health, in watchfulness and care during all my natural life, and at my decease the aforesaid property shall belong to the said Laura E. Smith, his heirs or assigns with all rights, liberties and hereditaments, forever and forever.

" Third. It is my will and desire that the said Laura E. Smith have possession of my house on first day of November, 1884, and he take me with him and that he take care of me as one of his own family.

" And lastly, as to all the rest, residue and remainder of my personal estate, goods and chattels of what kind and nature soever, I give and bequeath the same to Laura E. Smith, his heirs or assigns forever, hereby revoking all former wills by me at any time made.

" Lastly, I do hereby nominate and appoint George W. Hess executor of this my last will and testament. In witness whereof I have hereunto affixed my hand and seal this 31st day of October, A. D. 1884. SARAH SMITH. [SEAL.]

" Signed, sealed and published by Sarah Smith to be her last will and testament in the presence of us who at her request and in her presence have subscribed our names as witnesses thereto. ELIAS HATFIELD.
GEORGE W. HESS."

Defendant's counsel: " Now, we offer this paper, being a written declaration of Sarah E. Smith, to be followed by evidence that under this paper and in pursuance of it the defendant in this case took possession of the property now in dispute and is still there, and that Sarah Smith herself moved into the premises with him in pursuance of the intention stated in this paper and there remained for a long time, and that the defendant has at all times performed his part of the agreement indicated in this paper. Of course it all goes together. We don't offer this paper alone. This paper as a will would have no significance at all, but we offer the paper as the declaration of the plaintiff's grantor showing that she had agreed that her title should pass from her at her death, the paper being executory."

The entire offer was objected to as incompetent and irrele-

vant. Sarah Smith, the testatrix in the foregoing paper was alive and in the court room at the time of the offer.

By the court: Objection sustained, offer refused; exception.[2]

The defendant offering no further testimony, the court instructed the jury that under the evidence their verdict should be for the plaintiff.

The jury returned a verdict for the plaintiff as directed. A rule for a new trial having been discharged, judgment was entered, when the defendant took this writ, assigning as error:

2. The refusal of defendant's offer.[2]

*Mr. Edward Campbell* (with him *Mr. Geo. D. Howell* and *Mr. E. H. Reppert*), for the plaintiff in error:

1. An agreement to devise land, in consideration of a covenant to support the devisor during life, followed by the execution of such a will, vests an equitable title in the devisee. Such an instrument is not revocable like an ordinary will, but is to be deemed a contract in writing within the statute of frauds, which equity may treat as creative of an estate in the devisee: Johnson v. McCue, 34 Pa. 180; 1 Redf. on Wills, *174, *175, n. 27; 1 Jarm. on Wills, *26; 1 Redf. on Wills, *169, *170, n. 21; Frederick's App., 52 Pa. 341; Perry v. Scott, 51 Pa. 119; Turner v. Scott, 51 Pa. 126–134; Rowan's App., 25 Pa. 292; Lant's App., 95 Pa. 279. Such a devise is an executed contract, on condition to take effect at the time specified, transferring the legal estate, and not a mere equity requiring to be perfected by another instrument: McCue v. Johnston, 25 Pa. 306.

2. No express form of words is necessary to make a contract for the sale of land. Any memorandum in writing indicative of the intent of the parties, and so precise as to enable the land to be conveyed, and the consideration and manner of its payment to be ascertained, is a sufficient contract in writing to be enforced specifically: Colt v. Selden, 5 W. 525; Sage v. McGuire, 4 W. & S. 229; McFarson's App., 11 Pa. 503; Parrish v. Koons, 1 Pars. 91; Grove v. Hodges, 55 Pa. 504. Such contract may be evidenced by a will made in pursuance of it: Brinker v. Brinker, 7 Pa. 53. The signature by the party seeking to enforce the contract is unnecessary: Lowry v. Mehaffy,

10 W. 387; Tripp v. Bishop, 56 Pa. 424; Johnston v. Cowan, 59 Pa. 275; Cadwalader v. App, 81 Pa. 194; McFarson's App., 11 Pa. 503; Shoofstall v. Adams, 2 Gr. 209; Simpson v. Breckenridge, 32 Pa. 287; Smith's App., 69 Pa. 474; Wilson v. Clarke, 1 W. & S. 554, 558; Worrall v. Munn, 5 N. Y. 229 (55 Am. Dec. 330); Smith on Contracts, 7th ed., *96; Grove v. Hodges, 55 Pa. 504.

*Mr. A. D. Boyd* (with him *Mr. P. S. Morrow* and *Mr. D. M. Hertzog*), for the defendant in error:

1. The refusal to admit in evidence the will of Sarah Smith was proper for the reason that she was still alive, of sound mind and present in court. The rejection of the will, with the proposal to follow it by the offer of evidence set out in the second assignment of error, was proper, because the offer did not present such a contract as would, if so proved, sustain a decree of specific performance by a court of equity. It is not such an executory contract as those referred to in Lowry v. Mehaffy, 10 W. 387; Tripp v. Bishop, 56 Pa. 424, and other like cases cited by plaintiff in error, in all of which the grantor bound himself by covenant to complete the grant by some future conveyance. The offer here, proposed to show no such agreement on the part of Sarah Smith. Her direction, by will, to whom her title should pass at her death, was revocable at any time: Rowan's App., 25 Pa. 292; the facts of which are quite similar to the present case.

2. The will was avoided, as to this property, by the deed subsequently executed and delivered to Tuit. The cases of McCue v. Johnston, 25 Pa. 106, and Johnson v. McCue, 34 Pa. 180, do not apply, because there two writings were executed at the same time; a will signed by the owner of the land devised, and an agreement to pay an annual sum to the devisor, signed by the devisee, which two papers the court construed together as forming one contract. This disposes of the written contract as presented in the offer. Moreover, the offer did not present such a verbal contract as would be specifically enforceable. Two essentials were lacking: (*a*) It did not show that defendant took exclusive possession of the premises; it proposed to show that Sarah Smith herself moved into them with him. (*b*) It did not show such performance by defend-

ant as could not be compensated in damages. It was therefore insufficient: Moyer's App., 105 Pa. 432, and cases there cited. The facts of that case are so nearly identical with this one, that we rest our case upon it.

OPINION, MR. JUSTICE GREEN:

By the terms of the paper called the last will and testament of Sarah Smith she devises all her estate, real and personal, to Laura E. Smith, and expressly states that she does so for the kindness and care toward her in sickness and in health, " and care during all my natural life." She adds that it is her desire that Smith shall have possession of the house on November 1, 1884, and take her with him and take care of her as one of his own family. Without anything more and without possession of the property on the part of Smith and performance by him of the acts mentioned in the will to be done by him, the paper in question could not be regarded as anything more than a will revocable at the mere pleasure of the testator. But the offer of parol proof introduces other facts into the case, and as these were rejected by the court below they must be regarded as true for the purposes of this case. These facts were that the defendant, the devisee named in the will, took possession of the house and land in dispute under the will, and in pursuance of it, and that he was still there at the time of the trial; that the testatrix Sarah Smith moved into the premises with the devisee, in pursuance of the intention stated in the will, and there remained for a long time; and that the defendant at all times performed his part of the agreement indicated in the paper.

The offer should have been somewhat more specific and stated the acts which the defendant did in performance of his part of the agreement, but as it does allege an actual performance, it should be regarded as made in good faith, and therefore as fairly raising the question for consideration. Viewed in that light, the question is, what effect is produced upon the testamentary paper if the facts offered to be proved are true. It has long been held that such a case is not affected by the statute of frauds, because the terms of the agreement are put in writing, to wit, the will, and this is a sufficient compliance with the requirements of the statute: Brinker v. Brinker, 7 Pa. 53.

The circumstance that it is not to take effect finally, until after the testator's death, will not prevent a specific performance during the life of the testator, if he has put the other party to the agreement in possession of the land. This was held in McCue v. Johnston, 25 Pa. 306, where the decree was refused only because there was no provision for possession during the life of the devisor in either the will or written contract, and no sufficient proof of a verbal contract for such possession. But in Johnson v. McCue, 34 Pa. 180, the same will and agreement were enforced in favor of the first devisee against devisees by a subsequent will, on the ground that the first will and agreement must be treated as an executed contract which the devisor was not at liberty to disregard. It is true, in that case the stipulation of the devisee was expressed in a written paper, but the decision of the question as to how the will was to be regarded, was not put upon that ground; and in Brinker v. Brinker the devisee's part of the contract was in parol, but he was nevertheless held entitled to treat the will as a contract and not as a will, and to have specific performance. It is true this was before our statute of frauds was passed, but the will was held to be a sufficient writing to take the case out of the statute in any event. In McCue v. Johnston, supra, the court said, " In point of fact so far as the instrument by which the conveyance is to take place, is involved, it is an executed contract on condition to take effect at the time specified. A devise transfers the legal estate and not an equity to be perfected by another instrument. It is the same as if a deed had been executed to take effect in futuro, only that the common law incident of a feoffment forbids the freehold remaining in abeyance, and a resort must therefore be had to a devise or a conveyance under the statute of uses."

It is clear, therefore, upon all the authorities, that the testamentary character of the testator's agreement is not a bar to relief, as upon an executed contract. The difficulty in regard to possession by the devisee during the lifetime of the devisor is removed, in the present case, by the fact that the will itself provides for a present possession to begin the day after the will was executed. Now, the offer of proof was, that such possession was actually taken by the devisee, and that he literally complied with the terms of the will by taking the de-

visor in with him and keeping her there a long time, and that he performed all of his part of the contract and is still in possession. The only practical question then is, can he be deprived of his possession because the contract is contained in a testamentary paper? Certainly not, if for no other reason, because depriving him of his possession would disable him from the further performance of his contract, for which purpose his possession is indispensable according to the terms of the will itself.

We think, therefore, the learned court below was in error in rejecting the offer of proof by the defendant.

Judgment reversed, and new venire awarded.