# Anderson Estate.

Argued November 23, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

reargument refused January 14, 1944.

*S. Y. Rossiter,* with him *Robert H. Chase,* for appellant.

*William Glassman,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 3, 1944:

The court below refused to grant specific performance of an alleged oral contract by decedent to make a will bequeathing real and personal property to appellant in consideration of the performance of personal services and support.

In the petition to the orphans' court, it was averred that decedent and appellant entered into an oral con-

tract five years before the death whereby it was agreed that appellant was to receive decedent into her home and to give him such care and attention as would be required by him for as long as decedent desired to remain, and in consideration thereof decedent agreed that by his will he would convey to petitioner a designated dwelling, together with all of the furniture therein, and his automobile. The petition averred that nine days after such oral agreement decedent did execute his will, wherein the foregoing bequest was made. It also stated that appellant performed her contract for a period of over two years, when decedent, of his own accord, left the home of appellant. Decedent subsequently revoked his early will, and a later one, without such provision, has been probated. The executor of the estate filed an answer to appellant's petition raising questions of law.

The relief sought was properly denied by the learned court below. Appellant relies on an *oral* contract to devise lands and to be enforcible, it must comply with the statute of frauds. A will may constitute supporting evidence of an oral contract and therefore comply with the statute: *Brinker v. Brinker,* 7 Pa. 53; *Smith v. Tuit,* 127 Pa. 341, 17 A. 995; *Shroyer v. Smith,* 204 Pa. 310, 54 A. 24. However, *a will which makes no reference to the contract does not satisfy the statute: Sorber v. Masters et al.,* 264 Pa. 582, 107 A. 892. In that case Justice MOSCHZISKER, later Chief Justice, wrote (page 588): ". . . while an alleged will of plaintiff, produced at the trial, shows two of the farms devised to her sons, the document makes no reference whatever to any special consideration for such devises, and shows no connection between these testamentary dispositions and the bargain, or contract, averred by defendants; it is an ordinary will, subject to be revoked at any time before testator's decease, which, as a written memorandum, fails to satisfy the requirements of the statute of frauds."

In the instant case, the third clause of the revoked will, which is quoted in the petition, does not satisfy

the statute because it makes no reference to the alleged oral contract. Moreover, the words of the clause are as consistent with a conditional gift as they are with the confirmation of the alleged oral agreement. Any attempt to connect, by parol, the written clause of this will with an alleged oral agreement is precisely what the Statute of Frauds prevents.

The measure of damages in this case is the value of the services rendered and not the estate promised to be given: *Hertzog v. Hertzog's Administrator,* 34 Pa. 418; *Goehring's Estate,* 70 Pa. Superior Ct. 340. See also *Graham v. Graham's Executors,* 34 Pa. 475; *Neal's Executors v. Gilmore,* 79 Pa. 421; *Kauss v. Rohner,* 172 Pa. 481, 33 A. 1016.

Judgment is affirmed.