J-S09029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MOCO BOSWELL, LLC, FORMERLY KNOWN AS MOCO FIVE BOSWELL, LLC | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| ROBERT A. WIEDENHOFT | : : | No. 1130 WDA 2018 |
| Appellant | : | |

Appeal from the Judgment Dated October 1, 2018
In the Court of Common Pleas of Somerset County Civil Division at
No(s):  491 Civil 2015

BEFORE:   PANELLA, P.J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                     **FILED MAY 07, 2019**

Robert A. Wiedenhoft appeals from the judgment, entered in the Court of Common Pleas of Somerset County, after the trial court granted reformation of a deed conveying a certain parcel of property from Wiedenhoft to Appellee, Moco Boswell, LLC, f/k/a Moco Five Boswell, LLC ("Moco Boswell").   Upon review, we affirm.

In October 2013, Moco Boswell purchased a convenience store and gas station located in Boswell, Somerset County.  **See** First Amended Complaint, 2/17/16, at ¶ 3.  In spring 2014, Wiedenhoft contacted Thomas G. Martin, a member of Moco Boswell, to inform Martin that Wiedenhoft owned the vacant lot located adjacent to the rear of Moco Boswell's store ("Adjacent Parcel") and that the convenience store's propane tank, located in the rear of the store, was situated on Wiedenhoft's property.  **See id.** at ¶¶ 6, 7; N.T. Trial,

_____
*   Retired Senior Judge assigned to the Superior Court.

10/13/17, at 25, 67. Martin informed Wiedenhoft that Moco Boswell would be interested in purchasing the Adjacent Parcel[1] and may have an interest in purchasing additional lots owned by Wiedenhoft in the future. *See* N.T. Trial, 10/13/17, at 25-26. Martin and Wiedenhoft reached an oral agreement, pursuant to which Moco Boswell would purchase the Adjacent Parcel from Wiedenhoft for the sum of $18,000. *See id.* at 26. They agreed that Martin would direct Moco Boswell's attorney, David A. Pertile, Esquire, to prepare the necessary deed. *See id.* at 27. The parties never entered into a written agreement of sale.

In preparation for the purchase, Martin directed Attorney Pertile to perform a title search. *See id.* at 32. In furtherance of that request, Martin directed his assistant to forward to Attorney Pertile a 2010 survey plan depicting the Adjacent Parcel and surrounding parcels. The transmittal email states: "The ground we are purchasing is directly behind the store[.]" Plaintiff's Trial Exhibit 1. On the attached survey plan, the Adjacent Parcel is labeled with the words "This is the property" and identified as "Tax Map 07-24, Parcel 17-01." *Id.* Attorney Pertile forwarded the survey plan to Robert Boose, Esquire, of Somerset County, with a request that he prepare a title report for the Adjacent Parcel. *See* First Amended Complaint, 2/17/16, at ¶ 14 and Exhibit B. On July 8, 2014, Attorney Boose generated a title report.

_____

[1] Martin testified that he did not know whether the store's propane tank actually encroached upon Wiedenhoft's property, but it was not "that big of a deal" because it was Moco Boswell's practice to purchase properties adjacent to their stores. *See* N.T. Trial, 10/13/17, at 25, 30.

*See* Plaintiff's Trial Exhibit 2.  However, Attorney Boose performed the title search on the wrong parcel, a plot identified in the title report as Tax Map 07-24, Parcel 011-00 ("Detached Parcel").  *See id.* at [3].  Attorney Pertile prepared a deed using the legal description contained in the title report.  *See* Plaintiff's Trial Exhibit 3.

After preparing the deed, Attorney Pertile forwarded it to Wiedenhoft for his review.  N.T. Trial, 10/13/17, at 76, 87.  Wiedenhoft reviewed the deed and was aware that it would convey the Detached Parcel and not the Adjacent Parcel.  *See id.* at 76, 87-88.  He did not, however, mention this fact to Martin or Attorney Pertile because he believed the parties had agreed to a sale of the Detached Lot, not the Adjacent Lot.[2]  *See id.* at 88.  Wiedenhoft executed the deed on July 25, 2014, and received a check for $18,000, less his share of transfer tax.  *See* First Amended Complaint, at ¶ 19; Answer, 3/9/16, at ¶ 19.

Several weeks after closing, Moco Boswell hired a surveyor to prepare a survey of its newly acquired property.  *See* N.T. Trial, 10/13/17, at 36.  The surveyor contacted Martin's office after discovering a discrepancy between the legal description in the deed and the property as it had been verbally described

---

[2] At trial, Wiedenhoft testified that, when he contacted Martin about the allegedly encroaching propane tank, Martin expressed an interest in purchasing the Detached Parcel for the purpose of constructing a diesel island and was not interested in purchasing the Adjacent Parcel.  *See* N.T. Trial, 10/13/17, at 67-75.  Martin, on the other hand, testified that, while Moco Boswell might be interested in discussing the acquisition of other properties at some time in the future, "this deal was to solve the propane issue, and acquire the property adjacent to our store."  *Id.* at 51.

to him.  ***See id.***  Upon discovering this mistake, Martin asked Attorney Pertile to contact Wiedenhoft to request his assistance in correcting the deed at Moco Boswell's expense.  ***See id.*** at 39.  After Wiedenhoft failed to respond to Attorney Pertile, Martin contacted him by telephone to request his assistance, which Wiedenhoft refused.  ***See id.*** at 39-41.

On August 12, 2015, Moco Boswell filed a complaint for reformation of the deed, alleging counts of breach of contract, promissory estoppel, and fraud.  Wiedenhoft filed preliminary objections in the form of a demurrer, which the court sustained, with leave to amend.  Moco Boswell filed its first amended complaint on February 17, 2016; Wiedenhoft filed an answer and new matter, in which he raised the affirmative defense of the statute of frauds, as well as the parol evidence rule, which Wiedenhoft asserted barred the admission of facts upon which Moco Boswell's causes of action relied.

On August 18, 2017, Wiedenhoft filed a motion for judicial recusal, alleging that the presiding judge, the Honorable David C. Klementik, had a conflict of interest.  Specifically, Wiedenhoft cited the fact that Judge Klementik had previously recused himself from a 2005 civil action entitled "Robert and Gina Wiedenhoft and Stonebridge Shooting Sports, Inc. v. Genesis, Inc. t/d/b/a Meadow Run, Genesis, Inc., a Pennsylvania Corporation, also t/d/b/a SOLAR 7."  Wiedenhoft asserted that Judge Klementik previously had an ownership interest in a company named "Solar Fuels," which owned coal on Wiedenhoft's real estate, and had also served as legal counsel for SOLAR 7 prior to his election to the bench.  Wiedenhoft further alleged that

Judge Klementik "may own an interest in coal and[/]or coal rights" on Wiedenhoft's property. Petition for Judicial Recusal, 8/18/17, at ¶ 6.

Prior to the commencement of trial in this matter on October 13, 2017, Judge Klementik heard argument on Wiedenhoft's recusal motion. Judge Klementik concluded that Solar Fuel Company, the company in which he had been a shareholder and for which he had acted as counsel, had not been a party to the earlier action involving Wiedenhoft and that he had recused himself from the earlier case only because he was personally familiar with principals of Genesis, Inc. Judge Klementik further stated that he had sold his interest in Solar Fuel approximately seven years earlier and had "no interest whatsoever in any coal rights that have anything to do with [Wiedenhoft's] properties." N.T. Trial, 10/13/17, at 11. Accordingly, Judge Klementik denied the recusal motion and proceeded to trial.

On December 31, 2017, the trial court issued Findings of Fact and Conclusions of Law. The court concluded that Moco Boswell and Wiedenhoft "had a meeting of the minds for the conveyance of the Adjacent Parcel only" and that Wiedenhoft had acted in bad faith with the intent to defraud Moco Boswell by accepting the latter's purchase money despite his knowledge of the drafting error in the deed. Conclusions of Law, 12/31/17, at 31. The court found that Moco Boswell, through its agents, reasonably relied upon Wiedenhoft's review of the deed to its detriment when it paid $18,000 for the Detached Parcel, which was not the subject of the parties' agreement. Accordingly, the court entered an order granting reformation of the deed.

Wiedenhoft filed a notice of appeal to this Court on January 11, 2018, followed by a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). By order dated March 28, 2018, this Court dismissed Wiedenhoft's appeal for failure to file post-trial motions pursuant to Pa.R.C.P. 227.1, without prejudice to Wiedenhoft's right to seek permission from the trial court to file post-trial motions *nunc pro tunc*.

Upon remand, Wiedenhoft filed a motion to file post-trial motions *nunc pro tunc*, which the trial court granted by order dated April 24, 2018. Wiedenhoft filed his post-trial motion on May 1, 2018. After oral argument, the trial court denied Wiedenhoft's motion by order dated July 20, 2018. Wiedenhoft filed a notice of appeal, followed by a court-ordered statement of issues complained of on appeal pursuant to Pa.R.A.P. 1925(b). By order dated September 25, 2018, this Court directed Wiedenhoft to file a *praecipe* to enter judgment in the trial court. Wiedenhoft did so on October 1, 2018, and his appeal is now ripe for disposition. **See** Pa.R.A.P. 905(a)(5) (notice of appeal filed after announcement of determination, but before entry of appealable order, treated as filed after such entry).

Wiedenhoft raises the following claims on appeal:

1. Whether the trial court erred in not granting [Wiedenhoft's] [p]etition for [j]udicial [r]ecusal that was decided the morning of the trial following argument?

2. Whether the decision of the trial court should be reversed as it was against the weight and sufficiency of the evidence?

3. Whether the trial court erred in denying [Wiedenhoft's] post-trial motion for reconsideration of rulings on the pre-trial motions

including [Wiedenhoft's] preliminary objections and allowing presentation of evidence that was outside and[/]or in contradiction of the written contract in violation of the Statute of Frauds and the [p]arol [e]vidence [r]ule?

4. Whether the trial court erred in denying [Wiedenhoft's] post-trial motion for a new trial?

Brief of Appellant, at 7 (renumbered for ease of disposition).

Wiedenhoft first alleges that Judge Klementik erred by not granting his motion for recusal based on alleged conflicts of interest related to prior business affiliations of the court. This issue is meritless.

We review the denial of a motion to recuse for an abuse of discretion. *In re S.H.*, 879 A.2d 802, 808 (Pa. Super. 2005). This Court presumes judges of this Commonwealth are honorable, fair and competent and, when confronted with a recusal demand, have the ability to determine whether they can rule impartially and without prejudice. *Commonwealth v. Druce*, 848 A.2d 104, 109 (Pa. 2004). The party who asserts that a trial judge should recuse bears the burden of setting forth specific evidence of bias, prejudice, or unfairness. *Commonwealth v. Harris*, 979 A.2d 387, 392 (Pa. Super. 2009) (citations omitted).

> As with all questions of recusal, the jurist must first make a conscientious determination of his or her ability to assess the case in an impartial manner, free of personal bias or interest in the outcome. The jurist must then consider whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary. This is a personal and unreviewable decision that only the jurist can make. Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overruled on appeal but for an abuse of discretion.

- 7 -

*Rohm & Haas Co. v. Lin*, 992 A.2d 132, 149 (Pa. Super. 2010), quoting *Overland Enterprise, Inc. v. Gladstone Partners, LP*, 950 A.2d 1015, 1021 (Pa. Super. 2008).

Here, Wiedenhoft has failed to put forth any specific evidence of bias, prejudice, or unfairness on the part of Judge Klementik. *Harris*, *supra*. As noted above, Judge Klementik possesses no interest in any coal rights involving Wiedenhoft's property. Moreover, the judge recused himself from the earlier matter involving Wiedenhoft, not because he owned an interest in any corporate entity that was a party to the suit, but because he was personally acquainted with individuals involved in ownership of the corporate defendant. Wiedenhoft points to nothing in the record that would tend to demonstrate that Judge Klementik was unable to hear and dispose of the case fairly and without prejudice, or that his involvement created an appearance of impropriety. *Rohm & Haas Co.*, *supra*. Accordingly, the trial court did not abuse its discretion in denying Wiedenhoft's motion for recusal.[3]

Wiedenhoft's next two claims are interrelated and will be addressed together. Essentially, Wiedenhoft asserts that the trial court misapplied the law and made faulty credibility findings in reaching its decision to reform the

_____

[3] We note that Wiedenhoft's appellate argument on this issue is woefully underdeveloped, consisting of a reproduction of his petition for recusal and a recitation of the procedural history of his recusal request. Wiedenhoft cites no case law and points to nothing in the record that supports his claim. While we could, based on this deficiency, find Wiedenhoft's claim waived, *see* *Commonwealth v. Delvalle*, 74 A.3d 1081 (Pa. Super. 2013) (finding undeveloped claim to be waived), we have chosen to address it on the merits.

deed. Specifically, Wiedenhoft argues that: (1) the court erred by failing to find that the statute of frauds and parol evidence rule barred Moco Boswell from presenting extrinsic evidence regarding the parties' intent; (2) the evidence was insufficient to establish that Wiedenhoft had intent to defraud Moco Boswell; and (3) the court erred in its credibility determinations. His claims are all meritless.

We begin by noting our standard of review in this matter. An action for reformation of a deed lies in equity. *Doman v. Brogan*, 592 A.2d 104, 109 (Pa. Super. 1991). As such,

> [o]ur review of this case is guided by the principles that the scope of appellate review of a decree in equity is particularly limited, *Lynch v. Hook*, [] 444 A.2d 157 ([Pa. Super.] 1982), and that the findings of the Chancellor will not be reversed unless it appears that the Chancellor clearly committed an abuse of discretion or an error of law. *Frowen v. Blank*, [] 425 A.2d 412 ([Pa.] 1981). Where credibility of witnesses is important to a determination, the findings of the Chancellor are entitled to particular weight because the Chancellor has the opportunity to observe their demeanor. *Frowen*[], *supra*; *Bedillion v. W.A. Wilson Stave Co., Inc.*, [] 413 A.2d 411 ([Pa. Super.] 1979). Although an appeals court cannot sit as a trier of issues of fact and must accept the findings of fact of the lower court as the basis of its review, *Lynch*[], *supra*, an appellate court is not bound to accept the findings of the Chancellor which are without support in the record or have merely been derived from other facts. *Frowen*[], *supra*; *In re McKinley's Estate*, [] 337 A.2d 851 ([Pa.] 1970). Thus, the Chancellor's conclusions of law or fact which are derived from nothing more than reasoning from underlying facts and not involving a determination of credibility of witnesses, are reviewable. *Felmlee v. Lockett*, [] 351 A.2d 273 ([Pa.] 1976); *Krosnar v. Schmidt Krosnar McNaughton Garrett Co.*, [] 423 A.2d 370 ([Pa. Super.] 1980).

*Dudash v. Dudash*, 460 A.2d 323, 326 (Pa. Super. 1983).

Reformation of a deed may be made by a court of equity when there has been a mistake by one party with knowledge of that mistake by the other party. *Id.* at 327, citing *Alderfer v. Pendergraft*, 448 A.2d 601 (Pa. Super. 1982). A unilateral mistake may justify reformation of a deed only when the party opposing reformation had such knowledge of the mistake as to justify an inference of fraud or bad faith. *Regions Mortgage, Inc. v. Muthler*, 889 A.2d 39, 42 (Pa. 2005). "In effect, the party with knowledge of the mistake is estopped from relying on the mistake." *Line Lexington Lumber & Millwork Co., Inc. v. Pennsylvania Pub. Corp.*, 301 A.2d 684, 687 (Pa. 1973). "The mistake under scrutiny, as well as the actual intent of the parties, must be clearly proven." *Dudash*, 460 A.2d at 327, citing *Hassler v. Mummert*, 364 A.2d 402 (Pa. Super. 1976).

Parol evidence of a contemporaneous oral agreement is admissible to alter, vary, add to, modify, or contradict a written instrument complete within itself where the oral agreement was omitted through fraud, accident, or mistake. *Kadel v. McMonigle*, 624 A.2d 1059, 1061 (Pa. Super. 1993); *Gemini Equipment Co. v. Pennsy Supply, Inc.*, 595 A.2d 1211, 1215 (Pa. Super. 1991). Similarly, the statute of frauds will not serve as a bar to relief in action seeking reformation of a deed based upon an allegation of mistake

and/or fraud.[4]  ***See Kutsenkow v. Kutsenkow***, 202 A.2d 68, 68-69 (Pa. 1964).

Here, Moco Boswell alleged that the deed resulted from a unilateral mistake and that Widenhoft had knowledge of the mistake sufficient to justify an inference of fraud or bad faith.  ***Dudash***, ***supra***; ***Regions Mortgage, Inc.***, ***supra***.  Accordingly, the trial court properly allowed Moco Boswell to present evidence as to the parties' intent—specifically, that the parties' agreement was that Wiedenhoft would sell the Adjacent Parcel to Moco Boswell for the sum of $18,000.  ***Kadel***, ***supra***.

Based on the evidence adduced at trial, the court concluded that the original impetus for Moco Boswell's purchase of land from Wiedenhoft was to address Wiedenhoft's concerns about the placement of the propane tank, which Wiedenhoft believed was situated on the Adjacent Parcel.  As such, the court found Wiedenhoft's claim that Moco Boswell actually desired to purchase the Detached Parcel to be "simply not credible."  Memorandum, 7/24/18, at 1.  The court further found—indeed, Wiedenhoft admitted at trial—that Wiedenhoft was aware that the parcel set forth in the deed was the Detached Parcel and not the Adjacent Parcel.  In light of these factors, the court concluded that Wiedenhoft acted in bad faith with the intent to defraud Moco

---

[4] The statute of frauds, 33 P.S. § 1, bars specific performance of a contract to convey or devise real estate where the alleged agreement is not evidenced by writing.  ***Brinko v. Redden***, 167 A.2d 467, 469 (Pa. 1961), quoting ***Stafford v. Reed***, 70 A.2d 345, 347 (Pa. 1950).  Here, Moco Boswell does not seek specific performance, but rather reformation of a deed.

Boswell by failing to disclose his knowledge of the drafting error and, thus, Moco Boswell was entitled to relief in the form of reformation of the deed.

Upon thorough review of the record, we can discern no error of law or abuse of discretion on the part of the trial court. The court's conclusions are fully supported by the evidence adduced at trial and its credibility determinations are not subject to second-guessing by this Court. ***See Beaver Valley Alloy Foundry Co. v. Therma–Fab, Inc.***, 814 A.2d 217, 224 (Pa. Super. 2002) (on issues of credibility, we defer to trial court, sitting fact-finder, as court had best opportunity to observe demeanor of witnesses). Accordingly, Wiedenhoft is entitled to no appellate relief.

Finally, Wiedenhoft claims that the trial court erred in denying his post-trial motion, in which he asserted he is entitled to a new trial because he was prejudiced by not being able to call Attorney Pertile as a witness at trial. Wiedenhoft claims this testimony was relevant because Attorney Pertile was the only party present representing Moco Boswell at settlement and certain statements allegedly made by Wiedenhoft to Attorney Pertile at that time would establish that Wiedenhoft did not act in bad faith or with fraudulent intent. He has waived this claim.

Wiedenhoft never attempted to call Attorney Pertile as a witness either before or during trial.[5] Rather, he raised this issue for the first time in his

---

[5] The following exchange occurred between Judge Klementik and Wiedenhoft's counsel at argument on post-trial motions:

post-trial motions. An issue raised for the first time in post-trial motions is waived for purposes of appeal. *Keffer v. Bob Nolan's Auto Serv., Inc.*, 59 A.3d 621, 630 (Pa. Super. 2012) (one may not, at post-trial motion stage, raise new theory which was not raised during trial). Because Wiedenhoft did not properly raise this issue before the trial court, he has waived it.

Judgment affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/2019

---

THE COURT: Couldn't you have given [Attorney Pertile] a notice that you intended to call him as a witness, which would have forced him to get other counsel to present that part of the case?

MR. LEAKE: Your Honor, the answer to the question is yes. I was honestly—I was trying to avoid that situation; and I thought that if we had the trial with Mr. Pertile as the trial attorney, it woudn't be as big [] an issue as [] it turned out to be. I was trying to be courteous to Mr. Pertile. And it seems at the end of the day that we probably would have needed him as a witness.

N.T. Oral Argument, 6/4/18, at 6-7.